JOHN ROBSON, Plaintiff in Error,

*vs.*

SEWELL NYE, Defendant in Error.

ERROR TO THE CIRCUIT COURT OF DANE COUNTY.

Where a writ of certiorari issues from a circuit court to a justice of the peace, the same must be served upon the justice within ten days after its allowance, or the case will be dismissed for that reason, notwithstanding the justice, in fact, makes a return to the writ according to an order of court for that purpose.

THIS was an action of assumpsit brought by the plaintiff in error against the defendant in error, before E. H. Lacey, a justice of the peace, to recover damages on a wheat contract on the 26th day of May, A. D. 1854. The issue was made up on the 3d of June, the case adjourned to and tried on the 10th of the same month. The justice, on the 12th, rendered judgment for costs against the plaintiff in error. To reverse the decision of the justice, the plaintiff in error, on the 28th of the same month, sued out a writ of certiorari, and placed it in the hands of the sheriff of Dane county for service. The justice neglected to make return to the writ. On the 12th day of October, and of the October term, 1854, of the Circuit Court, on motion of the attorneys for the plaintiff in error, it was ordered by the court, that E. H. Lacey do forthwith make return to the writ according to law. On the 19th of the same month the justice filed his return to the writ and order, and among other things returned that after the trial of said cause, and before the coming to him of the writ, he had resigned his office, and that the books and papers belonging to his office had been removed, and also that the writ was not served on him until the 10th of August, 1854, as appeared by the return of the officer.

At the April term, 1855, of said court, the defendant in error filed a motion to dismiss the cause for the following reasons, viz:

1. The writ was not served upon the justice to whom it was directed, till after the expiration of ten days from the allowance thereof.

2. That before the service of said writ, the said justice had resigned his office, and was not then a justice of the peace.

3. That it does not appear from the pretended return, that the same was made by the justice before whom the suit was tried below, and to whom the writ of certiorari was directed, which motion was founded upon the papers on file.

At the same term, after argument by counsel, the Circuit Court sustained the motion, and awarded judgment for costs against the plaintiff in error. To reverse which judgment the present writ of error is brought.

*Knowlton, Knapp & Frink,* attorneys for plaintiff in error.

*Orton, Atwood & Orton,* attorneys for defendant in error.

*By the Court,* WHITON, C. J. The Revised Statutes provide (*chap.* 88, § 218), that writs of certiorari shall be served within ten days after their allowance, upon the justice by whom the judgment was rendered. The writ in this case was not served within the ten days mentioned in the statute, and the question is, whether, as the justice in fact made his return to the writ, the Circuit Court did not become possessed of the case so as to make it to go on and decide it on its merits. We are of opinion that the decision of the court was correct.

It is contended by the counsel for the plaintiff in error, that the clause of the statute above referred to, is directory merely, and that if the justice does not in fact make return to the writ, the court which issued it, becomes as fully possessed of the case as though the service was within the time fixed by the statute. In other words, that the provision of the statute in question, is intended for the convenience and benefit of the justice merely. But we think, that as the statute (*Rev. Stat. chap.* 88, § 213) provides for removing judgments which have been rendered by justices of the peace to the County Court by a writ of certiorari, only by a compliance with the mode pointed out in the statute, and as the statute provides that the writ shall be served upon the justice within ten days after its allowance, it is essential that the service should be made within the time specified. It is as necessary to comply with this requirement, as any other contained in the statute. *Clark vs. Bowers,* 2 *Wis. Rep.* 128.

The judgment of the court below must, therefore, be affirmed.