THE PEOPLE vs. THOMAS COMSTOCK.

For offences greater than misdemeanor, a new trial cannot be granted, wheth-
er the accused be *acquitted* or *convicted*.

In *misdemeanors*, IT SEEMS, a new trial may be granted, where the defendant
has been improperly *convicted*, but not where he has been *acquitted*.

THE defendant was tried on an indictment for *grand larce-
ny*, at the Herkimer circuit, in September, 1831, the indict-
ment having been removed from the *oyer and terminer*, into
this court by *certiorari*. The defendant was acquitted, and a
new trial was moved for, on the ground of the alleged misdirec-
tion of the jury by the presiding judge.

*A. Hackley*, (district attorney of Herkimer,) for the people.

*L. Ford*, for the defendant.

*By the Court*, SUTHERLAND, J. It appears to be perfectly
settled, that in offences greater than misdemeanor, a new trial
cannot be granted on the merits, even where the prisoner has
been convicted. Thus, in *The King* v. *Mawbey and others*, 6
Term R. 625, Garrow, *arguendo*, speaking of misdemeanors,
says, " If the defendant were unquestionably guilty, and the
jury acquitted him, yet the court cannot grant a new trial ; on
the other hand, if a defendant be convicted of felony or treason,
though against the weight of evidence, there is no instance of
a motion for a new trial in such a case, but the judge passes
sentence, and respites execution, till application can be made
to the mercy of the crown." Lord Kenyon, in delivering his
opinion in that case, page 638, says, " In one class of offences,
indeed, those greater than misdemeanors, *no new trial can be
granted at all;* but in misdemeanors there is no authority to
shew that we cannot grant a new trial, in order that the guilt
or innocence of those who may have been convicted may again
be examined into." The whole scope of that case seems to
warrant the opinion, that even in a *misdemeanor*, a new trial
cannot be granted, where the defendant has been acquitted ;

but in relation to felony and treason, it treats the proposition as unquestionable, that no new trial can be granted, even where the prisoner was convicted, *a fortiori* after an acquittal. Mr. Chitty, Chitty's Crim. Law, 532, says, " In cases of felony or treason, it seems to be completely settled, that no new trial can, in any case, be granted ; but if the conviction is improper, the prisoner must be respited until a pardon be applied for. But in case of misdemeanor after a *conviction*, a superior court may grant a new trial." Vide also, 13 East, 416, note 6. Mr. Christian, in his notes to Black. Comm. lays down the law in the same terms. 3 Black. Comm. 388, note.

New trial denied.