Fry, J.
delivered the opinion of the court. — The prisoner in this case was indicted for murder, and convicted by the jury of murder in the second degree. There was a motion for a new trial, because the evidence did not warrant the verdict. The court overruled the motion, and gave judgment according to the finding, although it believed that the evidence was utterly insufficient to warrant the verdict. Jit did so upon the ground that, in a case of felony, it is not competent to the court, after conviction, to grant a new trial because the verdict was contrary to the evidence, even on the application of the prisoner; and that, in such case, his only recourse is to executive mercy.
The judge below, in the bill of exceptions in the record, has certified the facts which were proved at the trial; and further states, that in his opinion they were utterly insufficient to warrant the 'verdict, and that, before receiving it, he had charged the jury upon the law and evidence, and desired them to reconsider it; but that they persisted in their verdict.
Without deciding whether it is proper for this court to review the judge’s opinion of the evidence; or that it was proper to certify the facts ; we see nothing in the evidence to gainsay that opinion. We therefore proceed to inquire whether it is in the power of the judge, *728 in a case of felony, to grant a new trial after conviction, where he is satisfied that the evidence is utterly insufficient to warrant the finding.
It seems to be settled, in England, that by the course of the common law a new trial cannot be granted in any case of treason or felony. If the conviction is improper, the prisoner is respited until a pardon is applied for. In misdemeanours it is otherwise. 1 Chitty’s Crim. Law 653. 8 Wend. 549. 13 East 416. note b. 3 Black. Com. 387. note by Christian.
Is this principle a part of the common law with us, and are the courts of this state bound by it ?
We aré all of opinion that it is not, and that our courts are not bound to follow it. It is believed that a contrary practice has long prevailed in this state. Many new trials are remembered by some of the judges. And we think that this practice is suitable to our constitution and laws, and agreeable to justice and humanity.
To grant a new trial, on the application of the prisoner, cannot be said to be against the maxim that no one shall be twice put in jeopardy of his life, for the same ofience. As was said by the solicitor general in the case of The Commonwealth v. Green, 17 Mass. Rep. 525. it is really granting him a privilege which may operate to save his life, by standing a second trial for it.
The remedy of a pardon, as a substitute for a new trial, falls short of complete justice to the prisoner, as well as to the public. To the prisoner, a pardon is not equal to an acquittal, to which the case supposes he is entitled. His reputation and character are much more affected by the one than the other. A pardon discharges from punishment; an acquittal from guilt. Pardon may rescue him from the penitentiary or a halter; but it * cannot redeem him from the infamy of a conviction.
Every one is entitled to a fair and legal trial. If convicted, it should be according to the law and evidence. And if it be clearly apparent to the court that injustice *729 has been done in its own forum, it would seem to be appropriate and just that the court should redress it. To devolve the duty on the executive, besides that it falls short of complete justice to the prisoner, as before mentioned, is to throw it upon one over whom it has no control, who may leave the injustice in full force. And, as Parker, C. J. said in the case last mentioned, “ whatever confidence the court might feel in the executive, they would be unwilling to commit to other hands, in a case affecting life, an error committed by themselves, or by others concerned in the trial, the regularity of which they are bound to enforce.”
For irregularities occurring at the trial, new trials have been often granted in our own courts, as the reported cases will shew. And they have been often granted on the circuits, W'here the evidence did not warrant the finding, as before mentioned. For irregularities, they have been frequently granted in other courts of the United States; though the rigid rule of the english courts would, in like cases, deny them. 3 Dallas 515. 1 Bay 372.
In 1 Blackford’s Rep. 396. the court granted a new trial, because the verdict was against the evidence. And the opinion and reasoning of Parker, C. J. in the case cited from 17 Mass. Rep. emphatically support the view taken by this court. He said, p. 534. “ That a prisoner who has been tried for a felony, and acquitted, should not be subjected to a second trial for the same offence, seems consistent with the humane principles of the common law, in relation to those whose lives have been once put in jeopardy. But the same humane principles would appear to require that after a conviction, a prisoner should be indulged with another opportunity to save his life, if any thing had occurred upon the trial, which rendered doubtful the justice or legality of his conviction. Nemo bis debet vexari fro una et eadem, causa, is a maxim of justice as well as of humanity; *730 and was established for the protection of the subject against the oppressions of government. But it does not seem a legitimate consequence of this maxim, that one who has been illegally convicted should be prevented from having a second inquiry into his offence, that he may be acquitted, if the law and the evidence will justify an acquittal.” If the error “ arises from inadvertency of the judge in rejecting or admitting evidence, or from misbehaviour of the jury, or other cause which would be good ground for a new trial in civil actions or misdemeanours, justice and consistency of principle would seem to demand that the person convicted should, upon his own motion, have another trial, instead of being obliged to rely upon the disposition of the court to recommend a pardon, or of the executive power to grant it. It is not enough that the life of the accused will generally be safe in the hands of such highly responsible public agents. The right of the subject to be tried by his peers, according to the forms as well as principles of law, is the only certain security that, at all times and under all circumstances, that protection which the constitution extends to all will be effectually enjoyed.”
Besides the injury to the accused in denying a new trial, and giving a resort to the pardoning power only, justice might often be defeated by it. The pardoning power in this state is, in its nature or practice, more limited than that of the king of England. Conditional or commutative pardons are often granted there, by means of which a party may undergo a punishment more suitable to his crime, though less than that to which the judgment of the court consigned him. But with us pardons are, constitutionally or from practice, unconditional and absolute. A new trial might often redress an injury, without wholly discharging from punishment. But a pardon would discharge altogether. A person indicted for murder might be convicted of *731 murder in the first degree. It might be clear that this was not right; but that the offence was murder in the second degree only, or manslaughter. If the court could not grant a new trial, the executive must pardon and discharge the prisoner. Whereas, if a new trial were granted, he might meet the punishment, due to his proper offence.
We have a more varied scale of crimes, with appropriate punishments, than that found in the british code. At the time the principle in question was established there, that code was simple and bloody. It was death or nothing, for most offences. It is believed that this difference in our criminal laws, as well as that in the exercise of the pardoning power, and the spirit of our institutions, together with a due regard to justice and humanity, fully justify a departure from the english rule.
The judge who decided this case below concurs in this opinion, and in the judgment to be entered.
Judgment reversed, verdict set aside, and cause remanded for a new trial.