*11
 
 Bronson, J.
 

 The defendant was indicted for perjury in the court of general sessions of the county of Onondaga; and on demurrer to the indictment, judgment was given in his favor. The district attorney of the county then brought a writ of
 
 *12
 
 error in the supreme court. The defendant objected to the proceeding, and moved to dismiss the writ of error, on the ground that the people could not bring error after judgment for the defendant in a criminal case. The court denied the motion ; and
 
 *13
 
 after examining the case upon the merits, affirmed the judgment of the general sessions. The district attorney then brought the record into this court by writ of error, and seeks to reverse both the original judgment, and the judgment of affirmance. The
 
 *14
 
 defendant has renewed his objection before us, and moved to dismiss the writ of error; and the first question to be considered is, whether the people can bring error after a judgment-for the defendant in a criminal case.
 

 We are assured by the indefatigable counsel for the defendant, that upon the most diligent search he has been unable to find a single reported case, in England, where the king has brought error after a judgment of acquittal: and Mr. Archbold, in his
 
 Practice of the Crown Office,
 
 published in 1844, (p. 201,) in speaking of the -cases where a writ of error will lie, says, judgment must have been given upon indictment;
 
 “
 
 and it must.be a judgment
 
 against the
 
 defendant; for there is no instance of error being brought upon a judgment
 
 for
 
 a defendant after an acquittal.” But since that time there has been a case, the «regular report of which has not yet reached us, where a party charged with crime had judgment in his favor on a special verdict, and the crown then brought error in the king’s bench, where the judgment was affirmed. This was in November-, 1847.
 
 (Regina
 
 v.
 
 Chadwick,
 
 10
 
 Law Rep.
 
 458.) If this is in truth the only instance in which such a writ of error has ever been brought in England, it is a remarkable fact that nothing appears to have been said, either by court or counsel, touching the right of the crown to have the review. When we get the case more at large, it may furnish some explanation on this point.
 

 According to the report in Jones, the writ" of error in
 
 the Marquis of Winchester s case, (Cro. Car.
 
 504;
 
 W. Jones,
 
 407,
 
 hy the name of The King
 
 v.
 
 Lord St. John,)
 
 was brought by- the crown. But I think it evident that this is a mistake; and that the writ of error was brought by the defendant. He had not been acquitted; but had been convicted on an indictment for recusancy, and fined twenty pounds. He had a good
 
 *15
 
 reason for wishing to get rid of the judgment. Croke says, “the king’s attorney signified his majesty’s pleasure, that if it was erroneous, it should be reversed.” This was the necessary license to the defendant to bring a writ of error, which at that period was not grantable
 
 ex debito justitice,
 
 but
 
 ex gratia regis. (Rex.
 
 v. Wilkes, 4
 
 Bur.
 
 2550.) Viner and Bacon have both followed the report of the case' by Croke.
 
 (Vin. Ab. Error F. pl.
 
 10;
 
 Bac. Ab. Error, A. 2, 17th Lond. ed.)
 

 There is a saying of Lord Coke, (3
 
 Inst.
 
 214,) from which an inference may be drawn in favor of the right of the crown to bring error in a criminal case: and there are several passages in Hale’s P. C.
 
 (vol. 2, p.
 
 247, 248, 394, 395,) affording ground for a like inference. But nothing is directly affirmed on the subject by either of these learned commentators. All the other writers on criminal law, which I have examined, speak of a writ of error as though it could only be brought by the defendant; though with the exception of Archbold, already cited, they do not directly affirm that doctrine.
 

 There was an intimation of the judge in
 
 The People
 
 v.
 
 Onondaga General Sessions,
 
 (2
 
 Wend.
 
 631,) that the people might bring error in a criminal case;« but the question was neither discussed, nor decided. Since that time, and within the last sixteen years, writs of error on behalf of the people have been brought in a number of instances; and in some of the cases, the judgments of the court of original jurisdiction were reversed.
 
 The People
 
 v.
 
 Stone,
 
 9
 
 Wend.
 
 182;
 
 The People
 
 v.
 
 Fisher,
 
 14
 
 id.
 
 9;
 
 The People
 
 v.
 
 Coon,
 
 15
 
 id.
 
 277;
 
 The People
 
 v.
 
 Brown,
 
 16
 
 id.
 
 561;
 
 The People
 
 v.
 
 Adsit, 2 Hill,
 
 619;
 
 The People
 
 v.
 
 Cady,
 
 6
 
 id.
 
 490;
 
 The People
 
 v.
 
 Payne, and other
 
 cases, 3
 
 Denio,
 
 88, 91, 99, 101;
 
 The People
 
 v.
 
 Adams,
 
 3
 
 Denio,
 
 190; 1
 
 Comst.
 
 173.) But in none of the cases was the question either made by counsel, or considered by the court, whether the people could properly bring error. Such precedents are not of much importance.
 

 This question was before the Maryland court of appeals in
 
 The State
 
 v.
 
 Buchanan,
 
 (5
 
 Har.
 
 &
 
 John.
 
 317,) and it was held that the state might bring error. Although there was evidently a great search for precedents by Mr. Wirt and the other
 
 *16
 
 eminent counsel who appeared for the state, it was said on the other side by Mr. Pinkney and his associates, that no authority for such a proceeding had been, or could be shown; and with' the exception, of some' cases in that state, which seem not to have been reported, the judge who delivered the opinion of the court.found no authority for the writ of error beyond an inference from the
 
 dicta
 
 of Lord Hale, to which I have already referred.- In Arkansas the prosecuting attorney may take exceptions on the trial, and bring error on a bill of exceptions: but this is by force of the statute law of that state.
 
 (The State
 
 v.
 
 Graham,
 
 1
 
 Pikes Ark. Rep.
 
 428.) I am not aware that such a proceeding has been authorized in any other state.
 

 In Illinois, where the matter has not been regulated by statute,.the supreme court dismissed a writ of error which had been brought by the state’s attorney, on the ground that a writ ot error would not lie in behalf of the people in a criminal case.
 
 (The People
 
 v.
 
 Dill,
 
 1
 
 Scammon’s Ill. R.
 
 257.) In
 
 The Commonwealth v
 
 .
 
 Harrison,
 
 (2
 
 Virg. Cas.
 
 202,) the general court of Virginia decided, that a writ of error which had been awarded by a judge in vacation, on the application of the attorney for the commonwealth, had improvidently issued, “ because no writ of error lies in a criminal case
 
 for
 
 the commonwealth.” In
 
 The State
 
 v. Reynolds, (2
 
 Haywood’s Tenn. R.
 
 110,) the supreme court of errors and appeals of'Tennessee held, that a writ of error, or appeal in the nature of a writ of error, would not lie for the state in a criminal case. They said, “it is a rule of the common law that no one shall be brought twice into jeopardy for one and the same offence. Were it not for this salutary rule, one obnoxious to the government might be harassed and run- down by repeated attempts to carry on a prosecution against him. Because of this rule it is, that a new trial cannot be granted in a criminal case, where the defendant is acquitted. A writ of error will lie for the defendant, but not against him. This is a rule of such vital importance to the security of the citizen, that it cannot be impaired but by express words;” and having come to the conclusion that no such words were used in the statutes of that state, the court dismissed the appeal.
 

 
 *17
 
 In the Maryland case, already cited, where it was held that a writ of error would lie, the court seem not to have been wholly without apprehension that the power might be used for improper purposes. They said, the right of the state to bring error should be seldom exercised, and never for the purpose of oppression, or without necessity; but they thought an abuse of the right would not be tolerated by public feeling. In my judgment, “ public feeling,” however correct it may be when the public is well informed, is not the only shield which the citizen ought to have against oppression. The authority which may be exercised over him by officers of the government should be defined and regulated by law. We have in this state some sixty prosecuting officers, and if they may pursue an individual charged with crime from court to court after he has been regularly acquitted, it is not too much to fear, that in times of high excitement, or through a defect of judgment in the prosecuting officer, an innocent man may sometimes be borne down by the weight of a government prosecution. If the legislature had supposed that such a power existed, I think they would either have abolished it, or made some provision for restricting and regulating its exercise.
 

 The weight of authority seems to be against the right of the government to bring error in a criminal case. The absence of any precedent for it, either here or in England, until within a very recent period, fully counterbalances, if it does not outweigh the fact, that the right has lately been exercised in a few instances without objection. And in three of the four states where the question has been made, the courts have decided that the right does not exist.
 

 But this is not all. Many of the rules and maxims of our law are favorable, instead of oppressive, to persons charged with crime. We hold it better that the guilty should escape, than that the innocent should suffer. The accused cannot be twice put in jeopardy for the same cause. He may sometimes have a new trial; but the people cannot.
 
 (The People
 
 v.
 
 Comstock,
 
 8
 
 Wend.
 
 549.) He may take exceptions on the trial, and have a review on bill of exceptions; (2
 
 R. S.
 
 736, § 21;) but no such
 
 *18
 
 right is secured to the people. And what is quite material to the present inquiry, the right' to bring a writ of error is given to the accused, while it is evident that the provision does not extend to the people, or those who carry on the .prosecution. (2
 
 R. S.
 
 737,
 
 art.
 
 1.) The legislature has not only omitted to confer upon any public officer the power to bring.error in a criminal case, but the omission is rendered the more significant by the fact, that the attorney general has been specially authorized to bring error in civil cases. (2
 
 R. S.
 
 592, § 4.) In addition to this, the powers and duties of the attorney general and district attorneys have been prescribed by the legislature; (1
 
 R. S.
 
 179,
 
 art.
 
 5,
 
 and p.
 
 383,
 
 art.
 
 7;) and had it been intended . that they should bring error in criminal cases, it is but reasonable to suppose that such a power would have been included among those which have been conferred. It is made the duty of the district attorneys to attend certain courts of original jurisdiction in criminal cases, and conduct all prosecutions for crimes and offences cognizable in such courts; (1
 
 R. 8.
 
 383, § 89;) but they are not required to do any thing in the courts of appellate jurisdiction, except in cases where the defendant has taken a bill of exceptions, or brought a writ of error. (2
 
 R. 8.
 
 736, § 27,
 
 and
 
 p. 741, '§ 21.) And finally, district attorneys in this state do not hold a common law office; and they have no powers but such as can be found written in the statute book.
 

 I think it quite clear that neither they, nor any other public' officer has been vested with authority to bring a writ of error in a criminal case.
 

 In speaking of the danger that such a power might be abused, it must not be understood that any improper motive is imputable to the district attorney who brought this writ of error. He followed recent precedents, and did it in a case where he undoubtedly' thought the judgment erroneous.
 

 If the supreme court had reversed the judgment of the general sessions, and e.rror had then been brought by the defendant, the proper course for this court would have been to reverse the judgment of the supreme court, on the ground that it had acted without authority. But as the original judgment was affirmed, and the
 
 *19
 
 defendant does not complain of what was done in the supreme court, the proper course will be to grant his motion, arid dismiss the writ of error.
 

 Writ of error dismissed.1