The judgment of .the court was pronounced by
Preston, J.
The defendants were accused of altering a record of the First District Court, were tried and acquitted.
The attorney general took two bills of exception to the charge of the court to the jury; and has taken an appeal to this court.
The only remedy contemplated in taking an exception to an erroneous charge of the judge to the jury, is to obtain a new trial.
New trials may have been granted at common law, where a verdict of acquittal was obtained by fraud on the part of the accused, as by keeping away the prosecutor’s witnesses, or bribing the jury; but we know of no case in which a new trial has been granted after an acquittal upon a fair trial, even though the verdict was against the evidence, or rendered upon a mis-direction of the Judge. 4 Black. Com. 361. 6 East. 315. 1 Stark, U. P. C. 516.
It was considered a great privilege secured to the subject by the common law, that a party could not be tried a second time for the same offence, after he had been once acquitted of the offence charged by the verdict of a jury, and judg *439 ment had been passed thereon for him. 4 Black. Com. 335. Hawkin’s P. C. b. 2, c. 35. And no violation of the privilege or principle has occurred in this country.
The principle was doubted by Marcy, Justice, in the case of The People of New York v. Mather, 4 Wendell 238, but was soon afterwards fully established by the Supreme Court of New York in the case of The People v. Comstock, 8 Wendell, 549.
The Supreme Court of New York did decide questions of law on an appeal in the case of The People v. Mather, after a general verdict of acquittal, but under the erroneous impression that a new trial could be granted, as subsequently decided.
In the case of The State v. Jones, the late Court of Errors and Appeals sustained an appeal by the State from a judgment quashing an indictment. The accused had not been tried and acquitted, but had succeeded in preventing a trial by inducing the court to quash a good indictment.
The Constitution, as well as the 5th section of the act of 1846, to abolish the Court of Errors and Appeals in criminal cases, evidently contemplate, that this court shall affirm or reverse final judgments of the district courts. This court is not organized to give abstract opinions on questions of law. Our decisions are to be carried into effect by the district courts. The district court could not. legally execute a decision in this case, reversing the judgment of acquittal and discharge, and ordering another trial. The defendants could successfully plead their acquittal in bar. Indeed, having been acquitted and discharged, they could not legally be arrested and compelled to enter into a recognizance again to answer to the same charge, even if we differed from the district judge in his charge to the jury.
The appeal is therefore dismissed.