## The Clyde and Rose Plank Road Company *vs.* Parker.

Where an action was originally commenced in a justice's court, and the defendant put in a plea of title there, and gave the undertaking required by sec. 56 of the code; whereupon the action before the justice was discontinued, and a new action for the same cause was commenced in the county court, by a summons and complaint in the usual form, and the defendant appeared and put in an answer denying the material matters stated in the complaint; *Held,* that the appearance of the defendant and putting in an answer by him without objecting that the jurisdiction of the county court did not appear from the summons and complaint, was to be deemed a waiver of that objection, and an admission that the case was within the jurisdiction of the court.

*Held also,* that the rule that the jurisdiction of an inferior court must appear upon the record, does not necessarily require that it be set out in the complaint and summons in such a case.

If the plaintiff, on recovering at the circuit, in an action thus commenced, makes up a judgment roll, containing all the papers and proceedings from the commencement of the suit before the justice to the final judgment in the county court, as he is entitled to do, under the 281st section of the code, the record will show the jurisdiction of the county court, upon its face.

Hence, a summons and complaint in the ordinary form, without any recitals or averments conferring or showing jurisdiction, are a sufficient compliance with the statute, and the jurisdictional facts *aliunde* can properly be proved on the trial, or presented to the court with, or as a part of, the pleadings, like an offer under sec. 368 of the code.

Although consent cannot confer jurisdiction, yet where the court has jurisdiction of the subject matter, consent will dispense with recitals or statements in the pleadings, in matters of mere form.

APPEAL from an order of the special term granting a new trial. See 12 *Howard's Pr. Rep.* 371, where the facts are fully stated.

*C. D. Lawton,* for the plaintiffs.

*J. Welling,* for the defendant.

*By the Court,* E. Darwin Smith, J. The county court, as organized under the constitution of 1846, is confessedly a court of special and limited jurisdiction. (*Frees* v. *Ford,* 2 *Selden,* 176. *Kundolf* v. *Thalheimer,* 2 *Kernan,* 593.) The jurisdiction of such courts must always appear upon the record.

(*Idem. Werner* v. *Bank of North America*, 4 *Dallas*, 8. *Bloom* v. *Burdick*, 1 *Hill*, 139. 17 *Wend.* 483. 21 *id.* 40.) The rule thus stated has relation chiefly to the record of the inferior court when brought before a superior court for review, or when questioned in some collateral proceeding. The question of jurisdiction may always be raised in the inferior court itself, and whenever and wherever elsewhere its judgment is sought to be enforced. But in this case there is no judgment, and no final record of the proceedings of the county court has been made; and the case in this court is in the precise shape, and is to be considered and decided in respect to the question of jurisdiction, as though it were before the county court in fact, and we were sitting for its decision in the county court. The learned judge who tried this cause at the circuit treated it there precisely as he would have done in this court upon writ of error or appeal. He applied the rule that the jurisdiction of all inferior courts must appear upon the record; holding that the pleadings must show the jurisdiction upon their face, and that the omission in that particular could not be supplied or amended. It seems to me that the learned judge was mistaken in this view of the case, and in several of his rulings relating to this point of jurisdiction. The counsel for the plaintiff stated, in his opening, that the action was originally commenced in a justice's court; that the defendants put in a plea of title before the justice, and gave the undertaking required by section 56 of the code. That thereupon the action was discontinued before the justice, and this action, for the same cause of action, was in due time commenced in the county court, pursuant to the statute. From this statement it clearly appeared that the cause of action was one of which the county court had jurisdiction, both of the person and the subject matter. The defendant had appeared in the action and had put in an answer denying the material matters stated in the complaint. As the subject matter of the action was or might be within the jurisdiction of the county court, it seems to me that the appearance of the defendant, and answering without objection as to the question of jurisdiction, should be deemed, in that stage of

Clyde and Rose Plank Road Co. *v.* Parker.

the suit, a waiver of the point that the jurisdiction should appear in the summons and complaint, and an admission that the case was within the jurisdiction of the court. Consent, of course, could not confer jurisdiction; but where the court has jurisdiction of the subject matter, consent could dispense with recitals or statements in the pleadings in matters of mere form. This was a case confessedly of jurisdiction in fact, and the only difficulty at the circuit was one of mere form. For the purpose of the trial, I think that the question of form should have been deemed waived, or it should be held that after issue such a question should not be entertained at the trial. But the rule that the jurisdiction of an inferior court must appear upon the record, does not necessarily require that it be set out in the complaint and summons in a case like this. This suit, for the purpose of jurisdiction, should be deemed to have been commenced in the justice's court. The record of the case, when made up, should contain the preliminary proceedings conferring jurisdiction upon the county court. This would be proper at all times, and necessary unless the summons and complaint contained recitals of those facts. The plaintiff had the right to file with the clerk of the county the summons of the justice, the pleadings before him, and the defendants' undertaking, and have them compose part of the judgment roll. They were part of the papers "*necessarily affecting the judgment.*" (*See* § 281 *of the Code.*) If the plaintiff had recovered at the trial, and had made up a judgment roll containing all the papers and proceedings from the commencement of the suit before the justice to the final judgment in the county court, as he was entitled to do under the above mentioned section (281) of the code, no court of review could say that the record did not show the jurisdiction of the county court upon its face. If this is so, it was not essential that the pleading should contain recitals or averments conferring or showing jurisdiction. The action is to be commenced by " summons and complaint in an action in the county court for the same cause of action in which the plaintiff declared before the justice." (*Code,* §§ 56, 60.) "And the *answer of*

*the defendant* shall set up the same defense only which he made before the justice." (*Idem.*) The sections of the code relating to this proceeding in the justice's court and county court, (*see* §§ 55 *to* 62,) all treat the action in the county court as a virtual continuation of the suit in the justice's court. The action in the county court is for the *same cause of action*, and the pleadings are to be substantially the same, (19 *Wend.* 123,) only as necessarily varied to conform to the style and practice of the court. (*McNamara* v. *Biteley*, 4 *Howard*, 44. 1 *Code Rep. N. S.* 27. 5 *Howard*, 424. 6 *id* 320. 7 *id.* 404.) In this view of the case the summons and complaint in this action complied with the statute, and the jurisdictional facts *aliunde* could properly be proved on the trial or presented to the court with, or as part of, the pleadings, like an offer under section 368 of the code. The point that the legislature could not confer jurisdiction of such cases upon the county court, is not well taken. This authority is expressly given to the legislature in section 14 of the new constitution, article 6. I fully concur with my brother WELLES in his views upon the whole case, and think with him that a new trial should be had.

Judgment of special term affirmed, and new trial ordered.

[MONROE GENERAL TERM September 1 1856. *T. R. Strong*, *Welles* and *Smith*, Justices.]