### IN THE

## SUPREME COURT OF JUDICATURE

### OF THE

## STATE OF INDIANA,

### AT INDIANAPOLIS, MAY TERM, 1862, IN THE FORTY-SIXTH YEAR OF THE STATE.

------

BRADY *v.* RICHARDSON.

Consent may give a Court jurisdiction of the parties to an action, but not of the subject matter of it.

It is too late to object to the jurisdiction over the person, after the objector has appeared to the action, and gone to trial upon the merits. The objection is thereby waived.

A degree of relationship between a justice of the peace and a suitor in his Court, which is more remote than that of second cousin, or that of the sixth degree of affinity or consanguinity, within the civil law rules, shall not deprive him of jurisdiction of the person.

APPEAL from the *Morgan* Circuit Court.

WORDEN, J.—Suit by the appellee against the appellant. The plaintiff was a school teacher, and as such taught the defendant's children on a subscription. The defendant, refusing to pay the plaintiff her bill, she sued him for the amount of it before one *Solomon D. Brady,* a justice of the peace, and

on trial, had judgment. The defendant appealed to the Circuit Court, where, upon trial of the cause, the plaintiff again recovered. The record informs us that the parties submitted the cause to the Court for trial, and that the Court found for the plaintiff the amount of her bill, and also found that the justice who tried the cause was related to the defendant in the degree of fifth cousin. Thereupon the defendant moved to dismiss the cause for want of jurisdiction in the justice. This motion was overruled and judgment rendered for the plaintiff on the finding.

The refusal of the Court to dismiss the cause presents the only question involved in the record. It will be observed that no question was made as to the jurisdiction of the justice until after the trial of the cause and the finding for the plaintiff. It would seem that the objection came altogether too late. It is not supposed that consent can give a Court jurisdiction of the subject matter of an action, but it may of parties. Here the justice had jurisdiction of the subject matter, a small amount of indebtedness growing out of a simple contract. If there was any defect of jurisdiction, it was in reference to the person of the defendant, he being a remote relative of the justice. The defendant, having appeared and gone to trial on the merits, both before the justice and in the Circuit Court, without at the proper time having raised the question of jurisdiction, would seem to have waived it. *Ludwick* v. *Beckamire*, 15 Ind. 198. But the question of jurisdiction in the justice, having been argued on both sides, might as well be decided.

The statute provides that no justice shall have jurisdiction in a cause, where he is "related by blood or marriage to either party." 2 R. S. 1852, p. 452.

The degree of relationship is not expressed. So the statute on the subject of the change of venue, provides for such change where "the judge is of kin to either party." 2 R. S.

1852, p. 74. Other provisions may undoubtedly be found in the statute rendering persons incompetent to act by reason of affinity or consanguinity, without defining the degree that shall exclude them.

It is supposed by some that the whole human family are related, proximately or remotely, to each other. Hence the necessity of fixing some limit, beyond which kin or relationship should not be deemed to exist. The statute, we think, has fixed the limit and furnishes the criterion of decision applicable to the case before us. It provides that "when a person is required to be disinterested or indifferent in acting on any question, or matter, affecting other parties, consanguinity or affinity within the sixth degree inclusive, within the civil law rules, or within the degree of second cousin inclusive, shall be deemed to disqualify such person from acting except by consent of parties." "The foregoing rules of construction and definition of terms shall be in addition to and part of those adopted in the code of civil practice, and together with those *shall apply to all statutes or acts of the Legislature.*" 2 R. S. 1852, pp. 340–1.

In the case before use the justice was only *fifth cousin* to the defendant, and was not incompetent to try the cause.

*Per Curiam.*—The judgment is affirmed, with costs and ten per cent. damages.

*W. V. Burns,* for the appellant.

*W. R. Harrison,* for the appellee.