## JONATHAN M. DAKE AND MOSES W. DAKE, RESPONDENTS, v. WILLIAM S. MILLER, APPELLANT.

*Objection to jurisdiction of County Court — when it must be raised.*

.The objection that a County Court has n..t jurisdiction over the person of the defendant must be raised at the first opportunity, and is waived by his appearing in the action and pleading to the merits.

APPEAL from a judgment in favor of the plaintiffs, entered upon the report of a referee, and from an order of the County Court of Livingston county denying a motion for a new trial, made upon a case and exceptions.

This action was brought in the County Court of Livingston county to recover the balance due on an account for goods, etc., sold and delivered.

There was no averment in the complaint that the defendant was a resident of the county. The defendant appeared and answered, admitting the copartnership of the plaintiff, setting up a counter-claim, and denying all allegations in the complaint not admitted. The issues were referred and brought to trial before the referee. After a witness was sworn, the defendant's counsel moved to dismiss the action, because it did not appear by the complaint that defendant was a resident of the county of Livingston at the time the action was commenced. The motion was denied, and defendant's counsel excepted. The plaintiffs then gave evidence in support of this cause of action. When they rested, defendant's counsel renewed his motion to dismiss the action, on the ground that the court had not jurisdiction, the complaint not showing that defendant was resident of the county where the action was brought at the time it was commenced. The motion was again denied, and defendant's counsel excepted. The referee ordered judgment in favor of the plaintiffs for $66.62 damages, besides costs.

*F. C. Peck*, for the appellant. The County Court, being a court of limited or inferior jurisdiction, nothing can be intended

to be within its jurisdiction but what is expressly alleged to be so, and those who claim any right under such a court are bound to show affirmatively that it had jurisdiction, and every part of what is the gist and substance of the action should appear to be within its jurisdiction, (Note 3 to case of *Peacock* v. *Bell*, 1 Saunders, 95 ; *Mills* v. *Martin*, 19 Johns., 33; *Deming* v. *Corwin*, 11 Wend., 647 ; *Hoose* v. *Sherill*, 16 id., 38 ; *Sheldon* v. *Wright*, 1 Seld., 511, and cases cited; *Frees* v. *Ford*, 6 N. Y. 176 ; *Burns* v. *O'Niel*, 10 Hun, 495 ; *Turner Adm'rs* v. *Bank of North America*, 4 Dallas 8, in Cond. U. S. R., 205 ; *Turner* v. *Enrille*, 4 Dallas, 7 ; *Bingham* v. *Cabot*, 3 Dallas, 10, in Cond. U. S. R., 13, 210 ; *McCormick* v. *Sullivan*, 10 Wheaton, 192, in Cond. U. S. R., 70.) The objection to jurisdiction can be taken at any stage of the case, and a motion before a referee for that purpose is proper. *Coffin* v. *Reynolds*, 37 N. Y., 640 ; *Valarino* v. *Thompson*, 7 id., 576 ; *Davis* v. *Packard et al.*, 7 Peters, 276.) The appearance of defendant and pleading to the merits, without raising any objection to the jurisdiction by demurrer or answer, does not present a question of jurisdiction over the person. (*Harriott* v. *New Jersey R. R. Co.*, 8 Abb., 286 ; *Dudley* v. *Mayhew* 3 Comst., 12 ; *Burckle* v. *Eckhart*, 3 id., 137.)

*George W. Daggett*, for the respondents.

MULLIN, P. J.:

By section 15 of the judiciary article of the Constitution, adopted in 1869, the county courts have jurisdiction in all cases where the defendants reside in the county, and in which the damages claimed do not exceed $1,000, and such other jurisdiction as the Legislature may from time to time confer.

In 1870 the Legislature enacted as follows: The county courts, in addition to the powers they now possess, shall have jurisdiction in civil cases when the relief demanded is the recovery of a sum not exceeding $1,000, *and in which all the defendants are residents* of the county in which the action is brought at the time of its commencement. Neither the constitutional provision nor the legislative enactment requires the fact of residence to be alleged in the complaint. But the Court of Appeals in *Frees* v. *Ford*

(6 N. Y., 176), held that the county courts were courts of inferior jurisdiction, and to give validity to a judgment of one of them all the facts necessary to confer jurisdiction, as well over the subject-matter of the suit as of the parties, must appear in the record. Unless there is something in this case to take it out of the operation of the case cited, the judgment must be reversed. Jurisdiction over the subject-matter of an action cannot be conferred by consent. (*Heyer* v. *Burger*, 1 Hoff., 1; *Dudley* v. *Mayhew*, 3 N. Y., 9.) But jurisdiction over the person may be acquired by express consent or by not objecting to its exercise. (*Bucklin* v. *Chapin*, 53 Barb., 488; *Burckle* v. *Eckhart*, 3 Comst. 137.) The objection that the court has not jurisdiction of the person of the defendant must be made promptly. It would be oppresive to permit him to lie by until costs had largely accumulated, before objecting that jurisdiction of his person had not been obtained.

The objection, if well taken, terminates the suit and subjects the plaintiff to the costs of the action. A plaintiff can, in a majority of cases, ascertain before suit brought the situs of property, but he cannot, in very many cases, ascertain the residence of a person whom he desires to sue. Residence depends not unfrequently on intention. This it is very difficult, if not impossible, for any third person to ascertain. Hence it is that defendants have been required to raise the objection to the jurisdiction of the courts over their persons at the first opportunity, and that appearing in the cause and pleading to the merits have been held to be waivers of the objection to the jurisdiction.

It is unnecessary to enter into an examination of the question presented by the appeal in this case. It has been frequently before this court, and in every instance it has refused to give effect to the objection. (*Burling* v. *Freeman*, 2 Hun, 661; *Clyde & Rose Plank Road Co.* v. *Parker*, 22 Barb., 323; *Burton* v. *Wheeler & Wilson Mfg. Co.*, Weekley Dig., Vol. 5, 384; *Olcott* v. *McLean*, N. Y. Weekly Dig., Vol. 6, p. 292.)

The judgment and order of the County Court must be affirmed.

Present—MULLIN, P. J., TALCOTT and SMITH, JJ.

Judgment and order affirmed.