WILLIAM E. SAWYER, PLAINTIFF IN ERROR, v. THE PEOPLE OF THE STATE OF NEW YORK, DEFENDANTS IN ERROR.

*New trial — granting of, in criminal cases — Code of Criminal Procedure, sec. 465,*
*sub. 6 — power of the General Term to authorize the Court of General Sessions to*
*entertain a motion for a new trial.*

Subdivision 6 of section 465 of the Code of Criminal Procedure confers the power to grant a new trial in criminal cases, when the verdict is contrary to law or clearly against evidence, only upon the court in which the trial was had. No such power is conferred upon an appellate court.

In this case an examination of the evidence having shown such a conflict between the witnesses as to create a doubt as to the propriety of the conviction, the General Term affirmed the conviction, without prejudice however to a motion to be made in the Court of General Sessions, where the trial was had, for a new trial.

WRIT OF ERROR to the Court of General Sessions of the city and county of New York, to review the conviction of the plaintiff in error for an assault with intent to kill.

*William F. Howe*, for the plaintiff in error.

*William C. Beecher*, for the defendants in error.

BRADY, J.:

The plaintiff in error was indicted for an assault and battery with intent to kill, and of which he was convicted.

During the trial a few exceptions were taken, which have been carefully examined, but are found to be valueless. Indeed it is quite apparent that the appeal rests upon the proposition that the verdict was clearly against the weight of evidence; and it was supposed that under section 465, subdivision 6 of the Code of Criminal Procedure a new trial might be granted by this court.

This is an error. The section referred to provides for a new trial where the verdict is contrary to law, or clearly against evidence, by the court in which the trial took place. It does not confer upon the appellate court any such power. At common law a new trial could not be granted on the merits by any court, in the case of a felony. (*The People* v. *Comstock*, 8 Wend., 549.) But under the provisions of the Revised Statutes (2 R. S., 736, §§ 21 to 27), the defendant, upon the trial of any indictment, was allowed to take exceptions to any decisions of the court in which he was tried, and to bring a writ of error thereupon; upon which the court had authority to grant a new trial for some error presented by exception in the statement or application of the law.

This statute did not confer upon the appellate court, however, the power to grant a new trial upon the ground that the verdict was clearly against the weight of evidence. Its authority is limited to the correction of errors of law. There is no doubt, however, of the right of the Court of General Sessions, in which plaintiff in error was tried, to entertain an application for a new trial, and to grant it upon the merits. (*Lanergan* v. *People*, 39 N. Y., 39.) No application appears to have been made, however, to that court for a new trial.

An examination of the evidence discloses a conflict between the witnesses, and particularly between the complainant and the plaintiff in error, and is so great as to create a doubt of the propriety of the conviction. The learned justice who presided in the court below, in a certificate annexed to the bill of exceptions, states that in his opinion there is probable cause for the bill of exceptions, and that he deems it expedient to take the judgment of the Supreme Court thereon. This is evidently not founded upon the

exceptions taken, which have no force, and must have been predicated of grave doubt about the propriety of the conviction. Not having the power to grant a new trial for the reasons stated, the plaintiff in error can receive no benefit in this court. It would seem to be however, a case in which the Court of General Sessions *ex debito justitia* should entertain a motion for a new trial. The judgment of the learned justice presiding at the trial, upon such a motion would be valuable.

INGALLS, J., concurred.

DAVIS, P. J.:

I think this court has no power to direct the court below to entertain a motion for a new trial.

That matter belongs wholly to that court and the farthest this court can go is to affirm the judgment without prejudice to the making of a motion for a new trial in the General Sessions.

The opinion seems to indicate that an order can be made directing the court below to hear the motion for new trial. To such a direction I must record my non-assent.

Judgment affirmed, without prejudice to a motion for a new trial.