## JORDAN *v.* WRIGHT.

PRACTICE. Wright did not object to the order of the local land officers in directing testimony to be taken before a county clerk until the case had been passed upon in the local office and by the General Land Office. He having appeared, such clerk, and consenting to such proceeding, waived any irregularity.

FILING BEFORE SETTLEMENT. A pre-emption right is initiated by a setment upon the tract claimed, and a filing that is not based upon a preceding settlement secures no right.

DEPARTMENT OF THE INTERIOR,
WASHINGTON, Nov. 27, 1882.

*The Commissioner of the General Land Office:*

SIR:—I have considered the case of *Hugh Jordan* v. *Sylvanus A. Wright,* involving the N. E. ¼ of Sec. 14, Tp. 99, R. 40 W., Des Moines, Iowa, on appeal by Wright from your decision of November 23, 1881, holding his filing for cancellation, and allowing the entry of Jordan to remain intact.

The record shows that Wright filed declaratory statement February 23, alleging settlement February 21, 1880, and that Jordan made timber culture entry February 26, 1880.

It appears that Jordan filed charges against Wright's claim September 11, 1880; that your office ordered a hearing thereon; that the local officers directed the case to be heard before the clerk of the District Court of Osceola county, Iowa; and that testimony was taken before said clerk, both parties appearing and taking part in the proceedings without objection thereto.

It also appears that, on September 20, 1880, Wright gave notice of his intention to make final proof of his pre-emption claim; that the register ordered it to be taken before the same clerk; and that it was so taken—Jordan not appearing. The testimony under both orders was transmitted to the local officers, who, in view of Wright's equities, although he had performed no act of settlement prior to the filing of his declaratory statement, nor until after the entry of Jordan, recommended cancellation of Jordan's entry, and that Wright's filing be allowed to stand. On appeal you held Wright's filing for cancellation. Arguments of both parties were filed in the local office, in

your office, and on appeal in this Department; but no objection was taken to said references to said clerk until October 18th ult.—the case then pending in this Department—when counsel for Wright moved the dismissal of all proceedings because said orders were in violation of Practice Rule 35, which provides that "registers and receivers are not authorized to cite contestants before any officer other than themselves." This rule is equivalent to a prohibition of such citation; and although in one case the hearing was on the motion of Jordan, at which both parties appeared, and the other was in behalf of Wright, at which Jordan did not appear, and notwithstanding neither of the parties at any time prior to said motion objected to said orders of the local officers, or to the regularity of the proceedings, it is now claimed that said testimony was irregularly taken, and cannot be considered.

If the orders of the local officers were in violation of Rule 35, the question arises whether Wright, by appearing at both hearings and participating therein, without objection, is not now estopped from denying their validity.

The law seems well settled that consent may give a Court jurisdiction of parties to an action, but not to the subject matter (*Cleveland* v. *Walsh*, 4 Mass., 593; *Plank Road Co.* v. *Parker*, 22 Barb., 323; *State* v. *Tappan*, 29 Wis., 664; 26 N. Hamp., 232); and parties may waive irregularities in proceedings wherein only their own rights are concerned. *Blanton* v. *Russell*, Hill's Leading Cases, April, 1880.

In this case the parties only were cited, the officers retaining control of the case and its disposition. The clerk took no other jurisdiction than to write the testimony of the witnesses and transmit it to the officers, without deciding any question of right, or the subject matter of the controversy. The orders of the office were merely, in effect, to take depositions, which they were authorized to do; and I think Wright, by consenting to the proceedings, waived any irregularity therein.

The motion is overruled. Wright's filing of February 23d alleges settlement two days previously, but in his testimony he admits that he did no act of settlement until March 20th following, at which date the adverse claim of Jordan was of record, and the land was under appropriation.

A pre-emption right is initiated by settlement, without which a declaratory statement secures no right. The pre-emptor's declaratory statement is mere notice of his pre-existing claim, and as Wright had no claim at the date of his filing, but the tract had been, at that date, appropriated by Jordan, the latter has the prior right.

Your decision is affirmed and the papers transmitted with your letter of April 12, 1882, are herewith returned.

Very respectfully,

H. M. TELLER,

*Secretary.*

## RAILROAD REBATE TICKETS.

Judge Adams, of the Circuit Court of St. Louis, recently decided the case of *Hudgens* v. *The Missouri Pacific Railway*, in which a legal point is disposed of in a concise manner. Hudgens purchased a rebate ticket from Kansas City to St. Louis during the late railroad war. The check connected with the ticket contained a provision that it should be presented for redemption immediately upon the arrival of the train at St. Louis, otherwise it would be valueless. Hudgens failed to present the check for redemption within the time specified, but presented it the next day, when the railroad officials refused to pay it. A suit was then brought to recover the rebate. The Judge, in deciding the case, said:

"This draft, according to its terms, required plaintiff to present it for payment on the morning of the arrival of the train; and further, in express terms provided that, if it was not so presented within the time so fixed, payment thereof would not be made. Plaintiff, on arrival at St. Louis, neglected to present his draft for payment, and did not present it until the day following, when payment was refused, and this suit is the result. It is not for the Court to inquire into the reasons which actuated the parties in making this contract. It is sufficient that it was made by them, and by its terms the time of presenting the draft for payment was made the essence of the contract. Plaintiff's action being on the contract, he must show compliance with its terms before he can recover. This he has failed to do."