THE PEOPLE OF THE STATE OF NEW YORK, APPEL-
LANTS, *v.* JOHN M. DEMPSEY, THOMAS ANSBRO AND
GEORGE F. BACKMAN, RESPONDENTS.

*Criminal Procedure — appeal by the people.— it does not lie from an order discharging
a grand jury and quashing an indictment found by it.*

Under the Code of Criminal Procedure no appeal lies by the people from an order made at a Court of Oyer and Terminer setting aside a panel of grand jurors, discharging them from service as such and quashing an indictment found by them.

MOTION to dismiss an appeal taken by the district attorney on behalf of the people from an order made by a Court of Oyer and

Terminer setting aside a panel of grand jurors, discharging them from service as such, and quashing an indictment found by them while acting as grand jurors.

*D. Cady Herrick*, district attorney, for the appellant.

*Edward J. Meegan*, for the respondents.

BOARDMAN, J.:

The facts and orders in this case are the same as in *The People* v. *Fitzpatrick*, decided at the last September General Term (30 Hun, 493). In the latter case we considered the merits, and decided that the order setting aside and discharging the grand jury as to that defendant, and as to him quashing the indictment found, was erroneous. Such order was therefore reversed.

Upon that occasion counsel on either side desired the court to pass upon the merits, and no question was raised as to the validity of the appeal taken by the people from such order. The latter question was not, therefore, passed upon.

This appeal by the people arises upon the same state of facts, but the defendants now move to dismiss it upon the ground that the people have no right of appeal in the present instance, and hence the court can acquire no jurisdiction.

Formerly the people had no power to review an adverse decision. (*People* v. *Corning*, 2 N. Y., 9; *People* v. *Comstock*, 8 Wend., 549.) Afterwards, in 1852 (chapter 82, Laws of 1852), an act was passed giving the people the right to review judgments in favor of any defendant, except in case of acquittal by a jury. In 1879 and 1880, such right of review was further extended in favor of the people. But a writ of error at common law would not lie on behalf of the people after a judgment of acquittal (*People* v. *Corning, ut supra; People* v. *Bork*, 78 N. Y., 346), nor from an order quashing an indictment. (*People* v. *Stone*, 9 Wend., 191.)

But all these provisions have been abolished by the Code of Criminal Procedure (§ 515), and now the *only* mode of reviewing a judgment or order in a criminal action is by appeal. No such mode of review ever existed before, and so we must look to the Criminal Code for all authority or limitation of authority. Unless the Code gives to the people this right of appeal, the appeal must be dismissed.

By section 518 the people may appeal to the Supreme Court in two cases: 1st. Upon a judgment for the defendant on a demurrer to the indictment. 2d. Upon an order of the court arresting the judgment; neither of which cover the present case. In no other case has the right of the people to appeal to the Supreme Court been given. The district attorney concedes that the right is not given by the Code of Criminal Procedure. The concession is fatal. This court may correct errors and mistakes only when they can be brought before us pursuant to law. The court below, through ignorance or corruption, may rule against the people on questions of evidence throughout a trial for murder, whereby a criminal is acquitted, but this court cannot correct such errors. So, too, of the drawing of a panel of jurors in a criminal case, however gross the error, and however fatal to justice the consequences may be, the action cannot be reviewed on behalf of the people. There is no precedent for an allowance of an appeal in criminal cases outside and independent of the statute. We are not prepared to make one in this case.

Happily we cannot believe any danger can arise from a willful disregard of the criminal laws or a corrupt purpose to thwart their due execution by judicial officers. The order in the case under consideration was made at the same time with the one in Fizpatrick's case; hence our decision in that case could not have been known to the learned judge or aided in modifying his action in the present instance. Nor can we believe that any judge, after the decision of the Fitzpatrick case, would, on the same facts, disregard that decision, even though that appeal was unauthorized by law. The question may be very easily determined by the court of last resort, as in the *Petrea case* (92 N. Y., 128), by deciding such motions in accordance with our former opinion and leaving the defendant to test the correctness of the same.

For the reasons stated we think this appeal must be dismissed.

LEARNED, P. J., and POTTER, J., concurred.

Appeal dismissed.