THE PEOPLE OF THE STATE OF NEW YORK, APPEL-
LANT, *v.* DAVID SNYDER, RESPONDENT.

*Appeal by the people in criminal cases — is wholly dependent on statute — Code of
Criminal Procedure, sec. 518.*

No appeal can be taken by the people from a judgment of a Court of Sessions
reversing, on an appeal taken thereto, a judgment of a Court of Special Ses-
sions convicting the defendant of an assault.

APPEAL by the people from the judgment of the Ontario Sessions
reversing the judgment of a Court of Special Sessions convicting
the defendant of an assault.

*O. C. Armstrong,* district attorney, for the appellant.

*John E. Robson,* for the respondent.

BRADLEY, J.:

The right of the people to take an appeal in a criminal case is
wholly dependent upon the statute. (*People v. Corning,* 2 N. Y., 9.)
It provides that an appeal to the Supreme Court may be taken by
the people in the following cases *and no other.* 1. Upon a judg-
ment for the defendant on a demurrer to the indictment. 2. Upon
an order of the court arresting the judgment. (Code Crim. Pro., §
518.) The subject of appeals from Courts of Special Sessions is
embraced in Code of Criminal Procedure (pt. 5, tit. 3). And it
is provided that if on such appeal the judgment be against the
defendant, he may appeal to the Supreme Court, and that its
judgment upon the appeal is final. (Id., §§ 770, 771.) We find
no other statute permitting an appeal from a judgment of the Court
of Sessions on an appeal thereto from a Court of Special Sessions
in criminal cases. It seems to follow that the people cannot in such
case take an appeal to this court.

The provisions of sections 524, and 526, have application only to
cases in which appeals may, pursuant to other provisions of the statute,
be taken to the Supreme Court, and have no reference to cases aris-
ing in Courts of Special Sessions. The appeal should be dismissed.

SMITH, P. J., and HAIGHT, J., concurred.

Appeal dismissed.