## HAYS VS. LEWIS.

*Foreclosure judgment, not providing for redemption—Defect of parties defendant.—* PAROL TRUST, *in mortgage: who may question its validity.*

1. Where a judgment of foreclosure and sale is erroneous only in not providing for a redemption, it may be modified and not reversed.
2. But the record in this case showing also that the court failed to get jurisdiction of a necessary party defendant, the judgment is reversed.
3. Whether the question of the validity of a parol trust, by which a mortgagee was to take in trust for a third party, can be contested (as against the *cestui que trust* or his assignee) by the mortgagor, or only by the mortgagee or his assignee, *quære.*
4. A published summons which was not signed by the plaintiff's attorney, and did not state where the complaint was or would be filed, *held* insufficient.

APPEAL from the Circuit Court for *Ozaukee* County.

Foreclosure of mortgage. *Lewis and wife, McCarty* and Wheeler are named as defendants in the title of the cause; but there was a defect in the service of the summons upon Wheeler. The complaint alleged the following facts: On the 12th of August, 1862, *Lewis* and wife conveyed certain land by warranty deed to James Hays, the plaintiff's father; the consideration named being $2,000. Said land was encumbered by a mortgage previously given by said *Lewis and wife* to one Furlong, for $574, with other encumbrances amounting to $1,000, to secure the payment of which by *Lewis*, he executed to *McCarty* for the use of said James Hays, September 13, 1859, a mortgage of certain other lands, wherein *McCarty* was empowered, on default of *Lewis* in such payment, to sell the premises, execute a deed to the purchaser, and pay off said imcumbrances out of the proceeds; and this mortgage was duly recorded, and is the mortgage here in suit. *Lewis* failed to pay the Furlong mortgage, and it was foreclosed, and the land sold under the decree, and James Hays thus deprived of his title. Plaintiff alleges that *McCarty* had no interest in the mortgage in suit, which was executed to him solely for the

benefit of James Hays, who was the real owner, and duly assigned it to the plaintiff before the commencement of this action; and upon these alleged facts he demands judgment of foreclosure in the usual form. Answer, a general denial.

An objection to all evidence under the complaint, because it did not state a cause of action, was overruled. Plaintiff offered in evidence the record of a mortgage purporting to have been executed by *Lewis and wife* to *McCarty*, September 13, 1859; the condition of which was, "to pay or cause to be paid the sum of $500, to be paid or settled for within two years from date." Objected to, on the grounds (1.) That the record was not the best evidence, but the mortgage itself should be produced, or its absence accounted for. (2.) The mortgage offered was given to *McCarty* for his own use, and not for the use of James Hays. (3.) The condition was different from that alleged in the complaint. Ojection overruled. Plaintiff also put in evidence the deed to James Hays from *Lewis and wife*, first mentioned in the complaint. *McCarty*, for plaintiff, testified that he did not know Wheeler; did not know anything about the mortgage in suit; never knew that *Lewis and wife* gave him a mortgage; never paid anything for it, nor put it on record, nor had it in his possession. He also testified (against objection) that he never had any personal interest in the mortgage; that he made an assignment to a man by the name of Wheeler; that *Lewis* told him to make it; that he received nothing for it. Plaintiff, on his own behalf, testified that he was present when the trade was made between his father, James Hays, and *Lewis*. Against objection, he further testified, that by the terms of that trade, *Lewis* was to give a mortgage to *McCarty* for him to hold as security for the payment of the incumbrances on the land deeded to his father; and if the debt was not paid, *McCarty* was to foreclose the mortgage for the benefit of his (plaintiff's) father; that the mortgage was handed to one Jeremiah McCarty to be carried

to defendant *McCarty;* that the latter, in a conversation with witness two years before the trial, said the mortgage was in his name, and he would do right between the parties. Other testimony was introduced by plaintiff, against objection, tending to show that the object of said mortgage was to secure payment of the incumbrances on the land deeded to James Hays ; and also testimony showing that the mortgage had been assigned by James Hays to the plaintiff, and subsequently lost. Plaintiff also put in evidence, 1. The record of the assignment of the mortgage in suit from *McCarty* to Wheeler. 2. The mortgage from *Lewis* to Furlong. 3. The judgment roll in the suit of Furlong against *Lewis* and others, to foreclose said mortgage. ' The judgment was rendered October 22, 1860, and directed a deed to be executed to the purchaser upon the sale being made. 4. The sheriff's deed upon the sale under said judgment, dated February 4, 1861. The two last were objected to, on the ground that by the statute, the mortgagor should have been allowed a year to redeem, and the deed should not have been made until the expiration of the year; but the objection was overruled.

The court found the facts as alleged in the complaint ; and rendered judgment for the plaintiff, which, after reciting that the summons had been served by publication on Wheeler, and personally on the others named as defendants, and that no notice of appearance nor answer had been received by *McCarty* or Wheeler, &c., directed a sale of the premises in the usual form, and that the sheriff execute to the purchaser a deed of the premises sold, and that the purchaser be let into possession on the production of said deed, &c.; and adjudged that the defendants, &c., be forever barred and foreclosed, &c. *Lewis* appealed from the judgment.

*Blair & Coleman,* for appellant :

1. Can a *cestui que trust* maintain a suit in his own name to collect a trust fund ? If he cannot, then his assignee cannot.

2. The record of the mortgage was not the best evidence. *Sexsmith v. Jones*, 13 Wis., 565. 3. There was a fatal variance between the recorded mortgage so offered and the allegations of the complaint. 4. Parol evidence should not have been received to show that the mortgage was given to *McCarty* in trust for James Hays. If a trust at all, it was an express trust, and could not be created by parol. 1 Greenl. Ev., 304; *Stevens v. Cooper*, 1 Johns. Ch., 425; *Whiting v. Gould*, 2 Wis., 552; *Rasdall v. Rasdall*, 9 id., 379; *Bander v. Snyder*, 5 Barb., 63; *Lathrop v. Hoyt*, 7 id., 59; R. S., ch., 107, sec. 6; *Jackson v. Jackson*, 5 Cow., 173. 5. The assignment to plaintiff by his father, should have been proved by the witnesses thereto, if within the jurisdiction. *Jackson v. Vail*, 7 Wend., 125; 4 Phill. Ev., C. & H.'s Notes, 421; *Rees v. Lawless*, 4 Litt., 219; *Gregory v. Baugh*, 4 Rand., 636. 6. The judgment roll in *Furlong v. Lewis et al.*, did not show a legal foreclosure, no time being given *Lewis* to redeem. 7. The judgment in this cause is erroneous for the same reason. *Van Nostrand v. Mansfield*, 16 Wis., 224; *Jones v. Gilman*, 14 id., 450.

*Hugh Cunning*, for the respondent.

DOWNER, J. The judgment of the circuit court is erroneous in directing a sale of the mortgaged premises without redemption. If this were the only error, we might modify the judgment instead of reversing it. But the defendant Wheeler has not been served with process, and is not before the court. He is not only a proper but a necessary and indispensable party. There was an attempt made to serve the summons by publication on him. But the summons published is not signed by the plaintiff's attorney, and does not state where the complaint is or will be filed. The record does not show that the court obtained any jurisdiction over his person or property. The plaintiff, in the argument, maintained that the assignment of the mortgage to Wheeler was without consideration and fraud-

ulent, and the proof tends to sustain him in this position; and yet there is no allegation in the complaint relating to the assignment to Wheeler. He is the proper person to raise the question as to the validity of the parol trust, and it is doubtful whether any person other than the mortgagee or his assignee has any right to raise it. We do not, therefore, deem it best to pass upon that question till Wheeler is before the court.

*By the Court.*—The judgment is reversed, and the cause remanded for further proceedings.