JOSEPH A. CLARK, and WILLARD RICE, *Plaintiffs in Error.*

*vs.*

JOSEPH C. BOWERS, Garnishee in attachment against John Busby, *Defendant in Error.*

ERROR TO WALWORTH COUNTY COURT.

An appeal from the judgment of a justice of the peace, must be perfected, by compliance with the requirements of the statute, within ten days from the rendition of the judgment of the justice.

The conditions upon which an appeal from the judgment of a justice may be had, are regulated by statute, and the right to such appeal depends upon a compliance with the requisitions of the statute, and if these be not fulfilled, no appeal can be entertained by the County Court.

In order to perfect an appeal from the judgment of a justice, it is necessary that the sureties in the recognizance, should either justify on oath, or be accepted by the appellee or his attorney, before the time for taking an appeal shall have expired.

Without such justification by the sureties, or acceptance of them by the appellee, the justice is not authorized to receive the recognizance; and until the affidavit, and the proper recognizance be received by the justice, no appeal can be properly taken or perfected.

All the requisites of the statute must be complied with, within ten days after judgment.

If the appellant fail to comply with the requisites of the statute within the time prescribed, the appellate court must dismiss the appeal.

The plaintiffs in error commenced a suit, before a justice of the peace, for the county of Walworth, against John Busby, by attachment returnable on the 11th day of November, 1851. Bowers was summoned as Garnishee. On the return day of the attachment, the plaintiffs declared on a promissory note made by Busby, the defendant. The said Bowers appeared, and was examined, before the justice. Judgment was rendered by the justice, December 6, 1851, to which day the cause was regularly adjourned,

Dec. Term
1853.

Clark and
Rice
vs.
Bowers.

against the defendant, Busby, for $40.50 damages, and $5.00 costs. Thereupon, judgment was also rendered against Bowers, the garnishee, for $45.50, he being found indebted to Busby to that amount.

Bowers, the garnishee, and defendant in error, attempted to appeal to the Walworth County Court, but failed to comply with the statute. No issue was joined before the justice.

The recognizance for the appeal is in the usual form. Upon said recognizance was endorsed the certificate of the justice as follows :

" I hereby certify that William Potts, one of the within named sureties, came before me, and on being by me duly sworn, did on his oath make satisfactory answers touching his pecuniary responsibility, and the within bond being by me deemed sufficient, was received."

There was no endorsement on the recognizance except the above certificate. Neither of the sureties justified his responsibility until more than ten days after the rendition of the said judgment ; nor was the responsibility of either of the sureties admitted. The recognizance was received by the justice, without any justification, or admission, of the responsibility of either of the sureties, on the 16th day of December, 1851. The said William Potts did finally justify, on, or near, the 3d day of January, 1852 ; but not until more than ten days after the rendition of the judgment by the justice.

The justice filed his return to said County Court, at the January term, 1852. At the same term, the plaintiffs in error filed their motion to dismiss the appeal, assigning the following reasons for dismissal, among others :

**125**

"No sufficient recognizance was entered into, or re- <span>DEC. TERM 1853.</span>
ceived by the justice within ten days after judgment
rendered."

<span>Clark and
Rice
vs.
Bowers.</span>

"No sufficient recognizance has been entered into
or received by the justice, at any time.

The sureties entering into the recognizance did
not, nor did either of them, justify his responsi-
bility on oath, within ten days after judgment render-
ed, nor previous to the recognizance being received
by the justice. Nor have the plaintiffs, nor either of
them, nor their attorney, at any time admitted the
pecuniary responsibility of said sureties to be suf-
ficient.

The affidavit and recognizance, and other pro-
ceedings touching the appeal, are otherwise defective
and insufficient."

At the April term, 1852, the said County Court
overruled the motion to dismiss the appeal, with costs;
and the plaintiffs excepted. The plaintiffs refusing
to proceed in the cause, the said court, on appellants
motion, nonsuited the plaintiffs.

Thereupon, the said court rendered judgment
against the plaintiffs for $29.46 costs.

*E. Wakely*, for plaintiffs in error.

The return of the justice, made to the county court,
shows conclusively that neither of the sureties in the
recognizance, justified his responsibility, until more
than ten days after the rendition of the judgment by
the Justice. Nor did the appellants or their attorney
admit the pecuniary responsibility of the sureties, or
of either of them, to be sufficient. *Revised Statutes,
Chap.* 88, *Sec.* 228, 229, 230.

Therefore the County Court erred in overruling

Dec. Term
1853.

Clark and
Rice
vs.
Bowers.

the motion to dismiss the appeal, and in non-suiting the plaintiffs, and discharging the garnishee, and rendering judgment in his favor for costs, after the motion to dismiss was overruled. 4 *Wend.* 203–4 ; 9 *Cow.* 227, *and cases therein cited ;* 2 *Com.* 464–9 ; 7 *Paige* 247–6 *Paige,* 574 ; 1 *Den.* 429 ; 12 *Wend.* 263 ; 6 *Barb. S. C. Rep.* 697 ; 11 *How.* 460 ; 1 *Chand.* 163 ; 2 *Chand.* 94 ; 1 *Smedes & Marsh,* 657 ; 22 *Pick.* 11 ; 17 *Pick.* 295 ; 5 *Wend.* 136 ; 1 *Hill* 130·

The Statute does not expressly provide for a right of appeal by a garnishee in attachment, and therefore the appeal was void.

*T. Hood,* in reply, cited *Sess. Laws* 1852, *ch.* 152, *p.* 292, an act relating to amendments of defective recognizances, &c., and insisted that the record did not sustain the case made by the plaintiff in error, nor the points urged by him.

He also urged that the return of the justice did not show that he was authorized to render judgment against either the principal debtor or the garnishee.

*By the Court,* CRAWFORD, J. From the bill of exceptions, it appears that this case originated before a justice of the peace in Walworth county, and that judgment having been given by the justice against Bowers, the garnishee, for the sum of forty-five dollars and fifty cents, he applied for an appeal, and filed a recognizance and affidavit for that purpose with the justice. It also appears that the sureties in the recognizance did not on oath "justify their responsibility" within ten days after the rendition of the judgment, nor was their pecuniary responsibility admitted by the appellees (Clark & Rice) or their attorney, as

prescribed by sections 228 and 230, of chapter 88, <sup></sup><span style="float:right">Dec. Term 1853.</span> of the Revised Statutes. The appellees filed a motion in the County Court to dismiss the appeal, for the Clark and Rice reason that no sufficient affidavit and recognizance for *vs.* Bowers. an appeal had been filed with the justice of the peace within ten days after the judgment had been rendered. This motion was overruled by the County Court, and the appellees excepted to this ruling and decision; and thereafter, the appellees refusing to proceed in the cause in the County Court, a judgment of nonsuit was rendered against them, and they have prosecuted the present writ of error.

The conditions upon which an appeal from the judgment of a justice of the peace may be had, are regulated by statute, and the right to such appeal depends upon a compliance with the requirements of the statute, so that, if these be not fulfilled, no appeal can be entertained by the County Court, because it acquires no control of the case. (*Vide Jackson vs. Wiseburn*, 5 *Wend.* 136; *Latham vs. Edgerton*, 9 *Cow.* 227; *Commonwealth vs. Richards*, 17 *Pick.* 295; *Commonwealth vs. Dunham*, 22 *Pick.* 11; *Ladow & Chadsey vs. Groom*, 1 *Denio*, 429; *Clark vs. Miles*, 2 *Chandler*, 94.)

It was important that the sureties should either *justify on oath*, or be accepted by the appellees or their attorney, before the time for taking an appeal had expired; for without this, the justice was prohibited from receiving the recognizance, and until the affidavit and recognizance were received by the justice, no appeal could have been properly taken. Here, then, there had been no making of a recognizance with sureties who had justified within ten days after judgment, and consequently there was no compliance

DEC. TERM 1853.

Clark and Rice vs. Bowers.

with the statute. The appeal was not properly taken and perfected, and the County Court should have sustained the motion of the appellees, and dismissed the appeal.

The judgment of the County Court is reversed, with costs, and the case must be remanded for further proceedings, in accordance with this opinion.