PHILLIP VERBECK, Plaintiff in Error,

*vs.*

## WILLIAM W. VERBECK, Defendant in Error.

ERROR TO THE WASHINGTON CIRCUIT COURT.

In order to give the Circuit Court jurisdiction of a cause certified from a Justice of the Peace on account of the interposition of a plea of title to lands, it should appear clearly from the plea or notice, that the title to lands will come in question in the cause.

A notice attached to a plea of the general issue in trover, that the defendant owned the land upon which the stacks of grain sued for were situated, does not necessarily show that the title lands will come in question in that suit.

The statute having prescribed the manner in which cases commenced before a Justice of the Peace may be removed to the Circuit Court, the mode thereby provided must be pursued, and the statute complied with in order to give that court jurisdiction.

It is error for the Circuit Court to retain jurisdiction of a cause certified up by a Justice of the Peace improperly, and upon an insufficient showing in the plea or notice, that title to lands will come in question ; and the party who filed the plea and at whose instance the cause was certified up may assign the same for error.

The plaintiff in the court below brought an action of trover before the Justice of the Peace and filed his declaration for the taking and converting, by the defendant to his own use, thirty-nine bushels of winter wheat, of the value of forty-four dollars ; thirty-two bushels of rye, of the value of twenty-four dollars, and eighty bushels of oats, of the value of twenty-four dollars, to the damage of the plaintiff of one hundred dollars. The defendant pleaded the general issue. The cause afterwards went to a jury, who were sworn, and, pending the trial, the plaintiff offered an amended declaration, under objections by the defendant, which were overruled by the Justice, and filed the same, to which the defendant filed a plea of the general issue, attached to which was the following notice :—" Take notice that on the trial of the above cause, the defendant will

give in evidence that the stacks of grain in the said plaintiff's amended declaration mentioned were upon the soil and freehold of the said defendant, and in his possession, and that the said defendant in his own right took the said wheat, rye and oats at the time when, &c., as the close, soil and freehold of the said defendant; and did all and singular the acts whereof the said plaintiff in his amended declaration complains, as he lawfully might." The defendant, at the time of filing his plea and notice, also filed with the Justice a bond in the usual form where a plea or notice of title is interposed, whereupon the Justice discharged the jury and made his return of the cause to the Circuit Court of Washington County.

The circuit court entertained the cause, and it was tried in that court, at the October Term, 1856. A jury having been sworn, and the plaintiff having rested his case, the defendant's attorney filed a motion to dismiss the cause, " for the reason that the said court had no jurisdiction of the cause—there being no plea or notice in the same, showing that the title to lands will come in question." Which motion was overruled by the court, and the defendant excepted.

Exceptions were also taken to various instructions denied by the court below; but the points raised on them are not noticed in the opinion of this court, and they are consequently omitted here.

*Frisby & Mann*, for the plaintiff in error.
I.   The circuit court acquired no jurisdiction of this cause. The statute in such case made and provided, was not complied with. The plea and notice accompanied with bond were not offered at the time of joining issue, but after issue joined, jury empannelled, and the calling of witnesses. The statute should have been strictly complied with. *Dykeman vs. Budd*, 3 Wis., 640; *Willoughby vs. Jenks*, 20 Wend., 100; 15 John., 304; 7 Wend., 291; 2 Mass., 174. The plea or notice to plaintiff's amended declaration does not show that the title to lands will come in question, but involves a question of actual possession merely, which the justice could try.

Verbeck vs. Verbeck.

6 Hill, 537; 2 Mass., 174. The defendant's motion to dismiss for want of jurisdiction, ought to have been granted by the court. The question of jurisdiction can be raised at any time. *Varney vs. Caswell*, 3 Wis., 744.

*Thorp and Shelley*, for defendants in error.

I. The court did not err in overruling the motion to dismiss. 1st. The bond given by the plaintiff in error, recites that, under the plea of the general issue, he gave a notice showing that the title to land would come in question in this suit. The bond is a record, and the plaintiff in error is estopped by its recitals. Arch. Civ. Pl., 206; *Cutler vs. Dickinson*, 8 Pick., 385; *Love vs. Rockwell*, 1 Wis., 382; 3 Bl. Com., 246.

II. The court has no power to dismiss a suit when certified to it by a justice of the peace, on plea of title interposed;— the certificate of the justice gives the court jurisdiction of the subject matter, and the appearance of the parties gives the court jurisdiction of them. Revised Stat., 451; 2 Caines, 134; *Onderdank vs. Raulett*, 3 Hill, 123; 3 Caines, 329.

III. The justice is to determine whether the plea or notice that the title to lands will come in question is sufficient or not. 7 Wend., 291; *People vs. Onondaga Co.*, 2 Wend., 264.

IV. The plaintiff in error having, by his own act removed the cause from the justice to the circuit court, cannot be admitted to take advantage of his own wrong.

*By the Court*, WHITON, C. J. We shall not discuss all the questions argued by the counsel for the parties in this case, because we are satisfied that the Circuit Court did not acquire jurisdiction of it, and that for this reason, the judgment must be reversed. The statute provides that in every action commenced before a Justice of the Peace, when the title to lands shall in any wise come in question, the defendant, at the time when he is required to join issue, may plead specially any

plea showing that the title to lands will come in question; or may, under the general issue, give notice to that effect. At the time of tendering such plea, or plea and notice, the defendant must also enter into a bond to the plaintiff, with security, in the penal sum of two hundred dollars, conditioned that if the plaintiff shall prosecute his suit in the county, (now Circuit,) Court, and if judgment be rendered against the defendant, on his plea of title, he will pay the amount of such judgment, with costs.

Upon filing the plea and bond, the justice is to certify the case to the Circuit Court, which thereby becomes possessed of the case with power to proceed therein to final judgment in the same manner as though the suit had been commenced in that court. Rev. Stat., Chap. 88, § 52, 53, 54, 55, 65. It will be seen that these proceedings all depend upon the fact that the plea or notice shows that the title to lands will come in question. Unless this fact appears, the justice has no authority to certify the case to the higher court. Now, the notice which the defendant appended to his plea of the general issue disclosed no such fact.

The action was trover for the conversion of thirty-nine bushels of wheat, thirty-two bushels of rye, and eighty bushels of oats. The fact stated in the notice that the stacks of grain in the plaintiff's declaration mentioned were upon the soil and freehold of the defendant, was entirely immaterial. This might be true, and yet the plaintiff's right to the grain be perfect. We do not see how the fact that personal property is situated upon the land of the defendant can determine the right of the parties to it. The fact stated in the notice that the defendant owned the land upon which the grain was situated, did not show that the title would be drawn in question on the trial of the suit.

We therefore think that the justice should have proceeded to try the case, and that the Circuit Court did not obtain jurisdiction of it by the action of the parties and the justice.

But it is claimed by the defendant in error, that as the Circuit court had jurisdiction of the subject matter of the suit,

and as the appearance of the parties before that court gave it control of them, the court was correct in retaining the case and deciding it on its merits. This argument would be entitled to great weight did it not involve a palpaple evasion of the statute. That has prescribed the manner in which cases which are commenced before Justices of the Peace, shall be taken to the higher courts, and we cannot sanction a practice which does not comply with it. *Dykeman vs. Budd*, 3 Wis. R., 640.

It is claimed on the part of the defendant in error, that as the defendant before the justice, after filing his plea and notice, executed his bond conditioned to pay the judgment which the plaintiff might recover against him in the Circuit Court, he is now estopped to set up a want of jurisdiction in the court. This might be conclusive against the plaintiff in in error if the action was upon the bond, but it cannot be relied upon to show that the Circuit Court had jurisdiction of the case. *Love vs. Rockwell*, 1 Wis., 382.