HILLS v. MILES.

---

### HILLS vs. MILES.

| 13 | 625 |
| 96 | 632 |

Where, in an action before a justice of the peace for the recovery of personal property, the notice of appeal served on the justice described the judgment as being for the value of the property as found by the jury, when in fact the technical form of the judgment was for nominal damages and costs, an order being entered for the delivery of the property, the notice being otherwise sufficiently descriptive of the judgment to designate it with certainty, such inaccuracy does not defeat the appeal.

If the return of the justice on appeal fails to show that the notice was served on him, the proper way to show that fact is to procure a further return.

But where a motion to dismiss the appeal was made for that, among other reasons, and the appellant asked leave to procure a further return or show by affidavit that the notice was served, and the circuit court decided that it might be shown by affidavit, to which the party moving took no exception, and then waived the affidavit, he cannot rely upon this objection in the supreme court, to sustain the dismissal of the appeal, it having been dismissed on other grounds.

The principle that parties cannot confer jurisdiction by consent, does not prevent a party, where the court has jurisdiction of the subject matter, from admitting irregular proof of a fact showing that the particular case is properly before it.

ERROR to the Circuit Court for *Dodge* County.

The case is stated in the opinion of the court.

*Harlow Pease*, for plaintiff in error, argued that it must affirmatively appear from the record, that the judgment appealed from is the identical judgment returned by the justice, and that the notice of appeal must show this. If it does not, the defect is fatal. *Jewett vs. Monroe*, 3 Wend., 426; *Ex parte Weed*, 5 Cow., 286; *Ex parte Alvord*, 6 id., 585; *Ex parte Brown*, 7 id., 468. The right to an appeal depends upon a strict compliance with the requirements of the statute, which are imperative, not merely directory. 2 Chand., 94; 4 id., 32; 2 Wis., 123; 5 Wend., 136; 9 Cow., 227; 6 How. (U. S.), 113; 4 Wend., 203; 2 Coms., 464. A defect in the return of the justice can be supplied only by an amended return, under a rule of the court. Proof *aliunde* is not admissible. 1 Wis., 444; *Rawson vs. Adams*, 17 John., 130. Failure to comply with the requirements of the statute for taking the appeal, is a jurisdictional defect, and may be urged in this court. Jurisdiction cannot be given to the appellate court by consent or a waiver of the defect. 9 Cow., 227; 3 Wis., 640; 6 id., 159.

*Gill, Barber & Fribert, contra.* The general doctrine is, that where a notice is required by law, it will be good if it does not mislead. 3 Caines' R., 133, note a; *Doe vs. Roe*, 4 Esp. R., 185; *Batten vs. Harrison*, 3 Bos. & Pul., 1; 6 Wis., 448; 1 Bur. Pr., 214 and 346; 11 Wend., 178; 4 Cow., 60. A notice of appeal performs no higher function than a notice of trial, and the same principles should apply to both. Pro-

ceedings in justice's courts are liberally construed, and appeals favored. 4 Wis., 223.

January Term, 1861.

HILLS
v.
MILES.

May 15.

*By the Court,* PAINE, J. This action was commenced before a justice of the peace, where the plaintiff recovered judgment, and the defendant appealed to the circuit court. In that court the plaintiff's counsel moved to dismiss the appeal, and the motion was granted on the ground that the notice of appeal served on the justice did not correctly describe the judgment appealed from.

The action was to recover the possession of personal property. The jury found that the plaintiff was entitled to the possession, the value at $97 55, and nominal damages for the detention. The judgment was entered for the damages and costs, amounting to $17 75, and an order that the property be delivered to the plaintiff. The notice of appeal described the judgment as being for $97 55, and $17 69 costs. The error consisted in describing the judgment as being for the value of the property as found by the jury.

We are of the opinion that notices of this character should not be so strictly construed as to defeat the appeal for such an inaccuracy. The statute does not prescribe what the notice shall contain. Its object is to inform the justice that an appeal is taken, and in what suit. And if it is sufficiently accurate to accomplish that purpose, a mere inaccuracy in some particular ought not to invalidate it. This is the general rule in regard to notices, and we think it applicable to these. 11 Wend., 178; 4 Cow., 60; 6 Wis., 448.

It is true, that the giving of the notice of appeal is essential to the jurisdiction of the appellate court. And perhaps it should be held, after rejecting any inaccuracies of description, that the notice should still contain enough on its face to be applicable to the judgment appealed from. We think this notice complies with that rule. It describes accurately the date of the judgment, the names of the parties, the amount of costs, and the exact value of the property in controversy, as found by the jury. The error consisted only in describing the judgment as being for this amount. But even this is more an error of form than of substance. For this

court has held that, in substance, it is the value of the property in controversy in such actions which determines the amount of the judgment. *McCaffrey vs. Nolan*, 1 Wis., 361; *Weizen vs. McKinney*, 2 id., 288. It was held in the latter case, that the order for the delivery of the property was a part of the judgment. And when this court has held that the value of the the property as found should be regarded as the amount of the judgment, for the purpose of determining the right of the party to appeal, we think if he, in his notice of appeal, describes the judgment as being for that amount, though not technically so in point of form, still that the notice is sufficiently certain to sustain the appeal.

Another ground for the motion to dismiss was, that it did not appear from the return of the justice that the notice of appeal was ever served. The appellant asked leave in the circuit court to obtain a further return or to show by affidavit that the notice was served. The court decided that it might be shown by affidavit, and then the plaintiff's counsel waived the affidavit. He also took no exception to the decision that it might be shown by affidavit. We think the proper way to have shown the fact, would have been to procure a further return. But as no exception was taken, and as the affidavit was waived, the defendant in error is in no position to take advantage of the error here. He claims the right to take advantage of it because it was a jurisdictional question, and consent could not confer jurisdiction. But that principle applies only to jurisdiction over the subject matter. It does not prevent parties, where the court has jurisdiction of the subject matter, from admitting, by consent, irregular proof of such facts as show that the particular case is properly before it.

In the case of *Latham vs. Edgerton*, 9 Cow., 227, the appeal was never perfected as required by law. The court held that the fact that the parties appeared and went to trial, did not give the appellate court jurisdiction. But here there was no attempt to dispense with an actual appeal, but the party only consented to irregular proof showing an appeal properly taken. The case of *Dykeman vs. Budd*, 3 Wis., 640, only held that where the circuit court had not, by law, juris-

diction of appeals, the parties could not, by consent, confer it. The case of *Verbeck vs. Verbeck*, 6 Wis., 159, also held that the parties could not, by consent, transfer a case from the justice to a circuit court, except on the condition on which the law authorized such transfer. We think there is nothing in any of these cases preventing a party from admitting that a notice of appeal was served on a justice, and thus dispensing with a further return to show that fact.

The judgment is reversed, with costs, and the cause remanded for further proceedings.