## Miles vs. Chamberlain.

Under sec. 3, chap. 15, R. S., towns may make by-laws to restrain animals from running at large, and enforce them by penalties, but have no authority to provide for the impounding and sale of animals found running at large.

The answer in an action to recover possession of a hog, alleged that the animal had been found running at large in a highway, contrary to the by-laws of the town, and had been taken up and sold under said by laws, and the defendant became the purchaser. Supposing that the question of title to the land alleged to be a highway was in issue, the justice sent the cause to the circuit court for trial, the defendant giving the bond required by statute. Held, that the answer set up no defense, and the circuit court had no jurisdiction of the suit, but should have dismissed it on the defendant's motion.

APPEAL from the Circuit Court for *Sauk* County.

*C. C. Remington*, for appellant.

*N. W. Wheeler* and *W. Brown*, for respondent.

*By the Court,* PAINE, J. This suit was commenced before a justice of the peace, to obtain possession of a hog. The defendant pleaded that the hog had been found running at large in the highway, contrary to the by-laws of the town, and had been taken up and sold under said by-laws, and that he became the purchaser. Under the provision in the code that all allegations in the answer setting up new matter, not amounting to a counter-claim, shall be deemed controverted or avoided as the case may require, this was supposed to put in issue the question whether the place where the animal was taken up was a highway or not, and consequently to involve a question of title. The defendant gave the necessary bond, and the case was sent for trial to the circuit court.

On the trial, the court ruled that the town had no authority to provide for the impounding and sale of animals found running at large ; and rejected the evidence offered by the defendant to show title in himself. This we think was correct. Section 3 of chapter 15, R. S., while it confers on towns the authority to make by-laws to restrain animals from running at large, very clearly indicates the means by which those by-laws are to be enforced—that is by imposing penalties upon the owners. Providing this means, by implication, excludes all others. And it is therefore not necessary to determine whether the power could be conferred on the town to pass a by-law like the one in question, by which the title of the owners of animals may be divested without any judicial proceedings against them whatever. It is plain that the statute has not attempted to confer any such power.

But the result of this is, that the answer set up no defense. As the sale under which the defendant claimed was wholly void, it was entirely immaterial whether the hog was taken up in the highway or not. The title to land was therefore not in issue, and the justice of the peace should have tried the suit. He had no authority to send it to the circuit court, and the latter had no jurisdiction. Instead of trying the case and giv-

ing judgment for the plaintiff, it should have dismissed the suit on the motion of the defendant. *Verbeck vs. Verbeck,* 6 Wis., 159.

The judgment is reversed, with costs, and the cause remanded with directions to the circuit court to dismiss the suit.