OHSE vs. BRUSS.

JUSTICE'S COURT: JURISDICTION OF CIRCUIT COURT. Removal of cause as involving title to land. *(1) When cause removable. (2) When circuit court acquires jurisdiction. Defendant not estopped to deny jurisdiction. (3)* COSTS *in such case.*

1. Under sec. 51, ch. 120, R. S. 1858, defendant in a justice's court may oust the justice's jurisdiction by pleading facts showing that title to land *will* come in question, and having the case duly certified to the circuit court; but the justice's jurisdiction is not ousted by merely answering facts showing that plaintiff *may* seek to prove his case by proof of title to land which defendant denies. A remark in *Rogan v. Perry*, 6 Wis., 194, disapproved.
2. Where a cause is certified by the justice to the circuit court as under said section 51, upon an answer which does not warrant such removal, the circuit court does not acquire *jurisdiction of the subject matter,* and the defendant who procured the removal is not estopped from denying such jurisdiction. *Miles v. Chamberlain,* 17 Wis., 446.
3. But in this case, where such a defendant appealed from the judgment of the circuit court on the ground of its want of jurisdiction, this court, reversing the judgment, directs the court below to dismiss the action *without costs.*

APPEAL from the Circuit Court for *Manitowoc* County. Replevin, commenced in justice's court, for sixty-six bushels of wheat. Plaintiff's affidavit for warrant of seizure, which also served as a complaint, was in the usual form, and alleged, among other things, that she was the owner and lawfully entitled to the possession of the wheat, and that the same was taken and unjustly detained by defendant. The answer, besides a general denial, alleged that defendant, as constable, seized the wheat upon an execution against the property of Edmund Ohse, plaintiff's husband; that the same was raised upon land which belonged to said Edmund, and was in his actual and exclusive possession; that plaintiff claimed in this action that the title to said lands was in herself; and that therefore title to said land would necessarily come in question in this action. Defendant, at the time of answering, filed a bond as required by the statute, and demanded that the action be

removed to the circuit court; and the justice sent the cause to that court. When it came on for trial there, defendant moved that it be dismissed, on the ground that the pleadings did not show that title to land would come in question; but the motion was denied.

The plaintiff had a verdict and judgment; and defendant appealed from the judgment.

For the appellant, there was a brief by *White & Forrest*, and oral argument by *G. A. Forrest*.

For the respondent, there was a brief by *H. G. & W. J. Turner*, and oral argument by *W. J. Turner*.

RYAN, C. J.    Sec. 51, ch. 120, R. S. of 1858, enables a defendant in a justice's court to oust the justice's jurisdiction by pleading facts showing that the title to land will come in question, and by having the case certified to the circuit court in the manner prescribed.    If he fail to do the latter, the justice's jurisdiction is not ousted, but the defendant is precluded from giving evidence, in his defense, drawing in question the title to land.    The whole provision, therefore, seems to contemplate a plea of title in the defendant or in a stranger, to bar the plaintiff's right of recovery.

And so sec. 56 provides that if it appear from the plaintiff's own showing on trial, that title to land is in question, disputed by the defendant, the justice shall dismiss the action.

Both of these sections are founded on the prohibition of jurisdiction where the title to realty is in question, previously enacted in section 10.    If a plaintiff commence an action before a justice of the peace, charged with notice that his demand necessarily involves the title of land, he does so in his own wrong, and his action is dismissed at his cost.    But if the question of title to land arise on the part of the defendant, raised by his pleading, the action is not dismissed, but the defendant who raises the question must either have it removed to the circuit court, or suffer his plea of title to go for nothing

The appellant's answer, put in before the justice, by way of pleading that the question of title is involved in the case, is

somewhat curiously framed. It is not that the defendant will raise the question of title to bar the plaintiff's recovery; but that the plaintiff may prove her case by proof of title which the defendant denies. And the case pleaded appears more properly to come within sec. 56 than sec. 51. The answer is not properly a plea to the plaintiff's action as stated in the complaint, but rather to the evidence which it is anticipated that the plaintiff may give in support of it. It might, perhaps, be held bad for that reason only.

But it is fatally defective in substance. It is very like the notice of title in *Verbeck v. Verbeck*, 6 Wis., 159. And as WHITON, C. J., says of the notice in that case, this answer might be true, and yet the plaintiff's right to the grain be perfect without reference to the title of the land. The plaintiff might be able to prove her title to the grain in question in divers ways other than by claiming title to the land on which it was raised. The answer does not even plead, if it might, that she has no other evidence of title to the grain than her claim of title to the land. It is rather a suggestion that the title to the realty may come in question, than a plea that it will.

In *Rogan v. Perry*, 6 Wis., 194, WHITON, C. J., drops a remark that a notice before a justice is sufficient if it show that the title to the land *might* be drawn in question. Clearly this was inadvertently written, because the language of the statute requires the pleading to show that the title to land *will* come in question. The statute goes upon the fact, and not upon a chance of the fact. And the answer in this case, showing perhaps that the question of title might come in question, is fatally defective in not showing that it would. The jurisdiction of the justice cannot be ousted by a mere conjectural suggestion that a question of title to realty may arise. The averment must be distinct and positive. *Miles v. Chamberlain*, 17 Wis., 446.

The appellant having caused the removal of the action to the circuit court by his answer, moved that court to dismiss it for insufficiency of the answer, with bad grace, and raises some temptation to hold him estopped from denying the juris-

diction of the circuit court. But jurisdiction in such a matter has been held to be jurisdiction of the subject matter, which consent cannot supply. *Dykeman v. Budd*, 3 Wis., 640; *Verbeck v. Verbeck, supra; Hills v. Miles*, 13 Wis., 625; *Miles v. Chamberlain, supra.* Into a question of jurisdiction of the subject, the acts of the parties, their good or bad faith, cannot enter. And with whatever grace the appellant can take advantage of the point, his answer was insufficient to oust the jurisdiction of the justice, or to give jurisdiction to the circuit court to entertain the action.

*By the Court.* — The judgment is reversed, and the case remanded to the circuit court with directions to dismiss the action without costs.