BAKER vs. THE STATE.

*December 18, 1882 — January 9, 1883.*

JUSTICES' COURTS. *(1) When second warrant may issue: Waiver of irregularities.*

BASTARDY PROCEEDINGS. *(2) Change of venue. (3) In what county complaint to be made.*

1. Where a warrant issued by a justice of the peace upon a complaint for bastardy has failed of its purpose by reason of the termination of the term of office of the sheriff in whose hands the same was placed and his neglect to deliver it to his successor, a second warrant may issue upon the original complaint. Were there any irregularity in the issuance of the second warrant in such case, it would be waived by defendant by pleading to the complaint, going to trial upon the merits, and entering into a recognizance to appear in the circuit court.

2. The proceedings under ch. 64, R. S., are neither a civil nor a criminal action, as defined by the statute, but are *quasi-criminal,* and the circuit court of the county in which a complaint under that chapter is made cannot change the place of trial. [The opinion is expressed that the defendant, in such case, cannot confer jurisdiction upon the circuit court of a county to which the action is improperly removed, by consenting to a trial therein. But that question is not determined.]

3. *It would seem* that the complaint in bastardy proceedings ought to be made before a justice of the peace of the county in which the mother resides at the time the complaint is made.

ERROR to the Circuit Court for *Dodge* County.

In bastardy proceedings the defendant was found guilty, and to review the judgment entered on such verdict sued out a writ of error. The facts will appear from the opinion.

For the plaintiff in error there was a brief by *E. P. Smith* and *Nath. Pereles & Sons,* and oral argument by *Mr. Smith.* They contended, *inter alia,* that the statute which provides that the justice shall take the complaint in writing, "and shall *thereupon* issue his warrant," etc., requires the warrant to be issued *immediately.* R. S. 1858, ch. 37, sec. 1; R. S., sec. 1530; Webster's, Worcester's and Johnson's Diction-

aries. As to the meaning of "immediately," see *Richardson v. End*, 43 Wis., 316; *Thompson v. Gibson*, 8 M. & W., 281. Since these statutes are, in some respects, in derogation of the common law, and may involve the liberty of the subject, the court will, in a case of doubtful construction, favor the accused. The first warrant must be considered as valid until fully executed and returned, and it being the duty of the officer to execute it, the justice cannot assume that it will not be executed, and before its return issue a second, or a third, or a fourth. The state of affairs might have materially changed, intervening the issuing of the warrants, so that there would be no reason for the intervention of the second; nor could the justice, without a second complaint, legally be advised that a warrant was still requisite to protect the public against loss. 1 Chitty's Cr. Law, 38; 1 Russ. on Cr., 315, 316; *Dickenson v. Brown*, Peake, 234. The express provision for the reissue of a criminal warrant by a justice where there has been a breach of a recognizance for appearance before the circuit court (R. S., sec. 4784) would exclude the idea of an implied authority in any case to issue a second warrant without a new complaint. The second warrant has this recital: "Whereas [the mother] *has this day* complained to me in writing." If the complaint is designed to give certain information to the defendant of the charge against him, and of the name of his accuser, verified by her own signature, certainly the warrant should correctly refer to it; but no such complaint was made on that day and the warrant was therefore false on its face and necessarily void.

*The Attorney General*, for the state, argued, among other things, that this is a transitory, not a local action. It is not necessary that the action be commenced in the county where the child was begotten, or born, or where the putative father lived, and it would seem not even where the mother resided. *Duffies v. State*, 7 Wis., 672; *Owen v. State*, 12 id., 559; *Zweifel v. State*, 27 id., 396; *State v. Demoss*, 4 Ind., 189;

*Beeman v. State*, 5 Blackf., 165; *State v. Allen*, 4 id., 269; *Allen v. Ford*, 11 Vt., 367. The statutes in reference to change of venue in either civil or criminal cases apply to this proceeding. In some of its features it partakes of the nature of a criminal, and in some of the nature of a civil, action. In all of its features it partakes of either the one or the other. And the respective statutes pertaining to criminal and civil cases have always been applied to it. *State v. Pate*, Busb. (N. C.), 244; *Hill v. Wells*, 6 Pick., 104; *Cummings v. Hodgdon*, 13 Met., 246; *Hyde v. Chapin*, 2 Cush., 77; *Hammon v. Taylor*, 2 Conn., 357; *Reinex v. State*, 51 Wis., 152; *Baker v. State*, 47 id., 111. It is no more necessary to entitle a defendant to a change of venue that a special statute conferring the right should exist, than it is that a special statute should entitle him to a writ of error, to a new trial or an arrest of judgment, or the right to challenge jurors, or to a charge from the court to the jury, or exceptions to the charge. See *Saint v. State*, 68 Ind., 128.

TAYLOR, J. The plaintiff in error was arrested on a warrant issued by a justice of the peace of Waukesha county, upon a complaint for bastardy under ch. 64, R. S. 1878, made May 16, 1878. There was a warrant issued on the same day the complaint was made, and placed in the hands of the sheriff of said county. No arrest was made on this warrant, and the same was not returned to the justice. The justice certifies that the term of office of the sheriff, to whom said warrant was issued, expired, and no arrest had been made by him; that the said warrant had not been returned to him or delivered by such sheriff to his successor in office; that upon these facts being made to appear to the justice, and upon application therefor, he issued another warrant on said complaint for the arrest of said *Baker*, May 16, 1879, upon which last warrant he was arrested and brought before the justice, December 22, 1879, when the complaint was read to him and

he pleaded not guilty thereto. Upon his application the hearing was adjourned to December 29, 1879, upon which day the parties appeared before the justice and an examination was had. The justice decided that there was probable cause to believe the defendant guilty of the offense charged in the complaint, and ordered that the defendant enter into a recognizance, with sufficient sureties, in the sum of $500, to appear at the next regular term of the circuit court for Waukesha county to answer for the offense charged in the complaint, etc. The defendant gave the recognizance as required.

At the March term, 1880, of said circuit court the defendant appeared and filed an affidavit "that he had good reason to believe and does believe that he cannot have a fair trial of such action on account of the prejudice of the judge of said court, the Hon. David W. Small," and asked that the place of trial be changed to some county where the cause complained of did not exist. Thereupon, by order of the court, the place of trial was changed to Dodge county, and the records and files remitted to the clerk of the circuit court of that county. At the October term, 1880, of the Dodge county circuit court, the defendant appeared and a jury was drawn to try the action, and after they were sworn, the court discharged the jury and ordered that the records and files be remitted to the circuit court of Waukesha county, holding that the return of the justice of the peace to that court was imperfect, and insufficient to give the circuit court of Waukesha county jurisdiction. The records were returned to the latter court, and on November 24, 1880, the justice made an amended return to said court, and thereafter and at the December term of said circuit court of Waukesha county the defendant made another affidavit of prejudice of the circuit judge, and the place of trial was again removed to Dodge county. At the February term, 1881, of the Dodge county circuit court, the defendant appeared, and moved said court to dismiss the action for want of jurisdic-

tion.   The motion was overruled and the defendant excepted. The reasons assigned by the defendant upon his motion to dismiss the action were: "*First*, that the place of trial in said action had been improperly changed; *second*, that the circuit court of Waukesha county had no authority to change the venue of said action to the county of Dodge or the circuit court of the county of Dodge; *third*, that there is in the statutes no authority to change the venue in actions or proceedings thereunder for bastardy." There are other matters alleged as errors in the impaneling of the jury and arising upon the trial, which it will be unnecessary to consider upon this appeal.

The plaintiff in error, for the first time upon this appeal, objects to the regularity of the issuing of the second warrant upon the complaint, and upon which he was arrested and brought before the court.   Had there been any irregularity in the issuing of the second warrant we think it was waived by the defendant pleading to the complaint, going to trial upon the merits, and entering into a recognizance to appear in the circuit court.   We are also of the opinion that, upon the facts stated by the justice in his return, the second warrant was properly issued, and that the defendant was lawfully arrested and brought before the justice thereon.   We see no objection to the practice adopted in this case.   The first warrant having failed of its purpose by reason of the termination of the term of office of the sheriff in whose hands the same was placed, and such officer having neglected to deliver the warrant to his successor in office, there is no reason why another should not issue upon the original complaint.   There does not appear to be any reason for the defendant's objection.   He is not injured by reason of the want of a return to the first warrant.

The second objection to the proceedings, viz., that the cause was improperly removed from the county of Waukesha to the county of Dodge, and that the circuit court of Dodge

county had no jurisdiction to try the action against the objection of the plaintiff in error, was, we think, well taken.

Although the motion to dismiss the action was not, perhaps, the remedy to which the defendant was entitled, still his grounds of objection to proceeding to trial in the Dodge county circuit court were clearly stated, and he did not (if he could, by going to trial without objection) waive his objection to the jurisdiction of the court to try the case by asking relief which he may not have been entitled to. If the circuit court of Waukesha county had no authority to change the place of trial upon an affidavit of prejudice of the judge, in the form set out in the bill of exceptions, then the circuit court of Dodge county did not obtain jurisdiction of the case by the order of the circuit court of Waukesha county removing the place of trial to said county. The proceedings under ch. 64, R. S., are purely statutory, and the jurisdiction which the justice's court and the circuit courts may exercise in such proceedings must be derived from that chapter or some other statute of the state. The jurisdiction is not a common law jurisdiction in either of said courts. *Western Union R. R. Co. v. Dickson,* 30 Wis., 389; *Town of Eaton v. Williams,* 51 Wis., 100.

This court has repeatedly held that these proceedings are *sui generis;* that the proceedings are neither a civil nor criminal action, within the definition given to such actions by the statute. *State v. Mushied,* 12 Wis., 561; *State v. Jager,* 19 Wis., 235.

The statute requires the justice to examine in relation to the guilt of the party charged in the complaint, and if he finds there is probable cause to believe the accused guilty of the offense, to require him to enter into a recognizance to appear at the next term of the circuit court of the county within which such justice holds his office, to answer said complaint and abide the order of that court made thereon. The other provisions of the statute prescribe the manner of proceeding

in the circuit court. It may be true that the complaint may be made by the mother in the first instance in any county of the state, and so she may have the power to confer jurisdiction of the proceeding upon the circuit court of any county in the state. If this be so, it does not follow that the circuit court upon which this jurisdiction is so conferred can exercise any powers in such proceedings except such as are prescribed by law. It would seem, however, from a careful reading of the statute, that the complaint ought to be made before a justice of the peace of the county in which the mother resides at the time the complaint is made, as one of the principal objects of the proceeding is to protect the public against its liability for the support of a child which is, or is likely to become, a public charge. It is, however, unnecessary to determine that question in this case. The right to change the place of trial of an action on account of the prejudice of the judge or justice, upon a statutory affidavit of such prejudice, is a purely statutory right, and can be invoked only in cases prescribed by statute. *Garland v. McKittrick*, 52 Wis., 261; *State v. Rowan*, 35 Wis., 303; *Wheeler v. State*, 24 Wis., 52; *Carpenter v. Shepardson*, 43 Wis., 406; *Montgomery v. Scott*, 32 Wis., 249. The two cases last cited hold that in a civil action, where the place of trial has been removed improperly, the appearance of the parties in the court to which the records have been remitted, without raising an objection to the irregularity of the removal of the action, is a waiver of such irregularity, and confers jurisdiction upon the court to which the records have been so remitted. In such cases the court to which the case is remitted has original jurisdiction of the subject matter of the action, and obtains jurisdiction of the person of the party by his voluntary appearance, and so obtains complete jurisdiction of the case.

In the case of *Carpenter v. Shepardson* the distinction between a civil action and a criminal information or indictment is pointed out, and the cases of *State v. Rowan* and

*Wheeler v. State* are clearly distinguished. In cases of information or indictment the jurisdiction of the subject matter is in the circuit court of the county in which the offense is committed, and that jurisdiction can only be transferred to the circuit court of some other county by a strict compliance with the statute authorizing the transfer. In such case nothing but a strict compliance with the statute can confer jurisdiction upon another court. No consent of the party is effectual to give jurisdiction, because the jurisdiction relates to the subject matter and not to the person. The rule in such cases is the same as in cases where a court can only acquire jurisdiction of a cause by appeal. And in all such cases this court has held that where the appeal is not taken in the manner prescribed by law, the appellate court does not acquire jurisdiction of the subject matter, and that consent of the parties does not cure the defect. *Verbeck v. Verbeck*, 6 Wis., 159; *Miles v. Chamberlain*, 17 Wis., 446; *Steen v. Norton*, 45 Wis., 412; *Rasmussen v. McCabe*, 46 Wis., 601; *Clark v. Bowers*, 2 Wis., 123; *Chinnock v. Stevens*, 23 Wis., 396; *Lederer v. C., M. & St. P. Railway Co.*, 38 Wis., 244; *State v. Gillen*, 49 Wis., 683; *Wright v. Fallon*, 47 Wis., 488. This court has held that proceedings under ch. 64, R. S. 1878, are special proceedings, and are neither a civil nor criminal action, as defined by statute, but that they are *quasi*-criminal — so much so that the rule applicable to criminal cases, as to the conclusiveness of the evidence upon which a conviction should be based, must be applied.

It seems to us very clear, therefore, that sec. 2625, R. S., ch. 119, which relates to the place of trial of civil actions, has no application to a proceeding of this kind. It is a sufficient answer to the claim that this section is applicable to the case to say that this proceeding is not a civil action. It is still more clear that sec. 4680, R. S., is not applicable, for the reason that such section limits the cases of removal of

the place of trial to an information or indictment in a purely criminal action.   We think there is a clear indication in the chapter itself that there was no intention on the part of the legislature to permit a change of the place of trial in the circuit court.   In sec. 1530, which is the second section of the chapter, it is expressly provided " that the accused shall be entitled to a removal of such action, as in criminal examinations before justices of the peace."   It is clear that the legislature supposed that the general law, which authorizes the accused, when arrested and brought before a justice for examination, to remove the case to another justice on account of the prejudice of the justice who issued the warrant, would not apply to this special proceeding.   If it would apply, then it was wholly unnecessary to confer it specially in the section above cited.   And as no provision is made in the same chapter for a change of the place of trial after the case comes to the circuit court, no such change can be made unless there be some other provision of law which expressly or by clear implication gives such right.   We are unable to find any such provision.

Upon the authority of the cases above cited, we are strongly of the opinion that the defendant could not confer jurisdiction upon the circuit court of the county to which the action was improperly removed, by consenting to a trial in that court; but it is unnecessary to determine that question in this case, as it clearly appears that he objected to proceeding to trial in that court at the first opportunity.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded with directions to the circuit court of Dodge county to return the records and files in the proceedings to the circuit court of Waukesha county for further proceedings in that court.