SPAULDING and others vs. THE MILWAUKEE, LAKE SHORE & WESTERN RAILWAY COMPANY.

*November 25, 1882 — April 4, 1883.*

*(1) Railroads: appeal from award on taking of land.    (2) Jurisdiction on appeal.    (3) Reversal of void judgment.*

1. Where commissioners of appraisal have fixed the compensation to be made to the owner or owners of a tract of land to be taken by a railway company, at a certain sum in gross, and have also awarded specified portions of that sum to several parties for their respective interests in the land, the railway company has no interest in the partition of the sum among the owners of the separate interests and can appeal only from the gross award.

2. Where the statute gives a court jurisdiction to try an action upon appeal, such court does not obtain jurisdiction of the subject matter unless the appeal be taken in a proper case and in the manner prescribed by law.

3. But where, because it obtained no jurisdiction of an appeal, the judgment of a circuit court is void, this court has jurisdiction of an appeal from, and may reverse, such void judgment.

APPEAL from the Circuit Court for *Outagamie* County.

The defendant company petitioned the circuit court to appoint commissioners to appraise the damages to the owners by reason of the taking by the company of a certain ·parcel of land in the city of Appleton for the uses and purposes of its railway.   The petition stated that the plaintiff *George W. Spaulding* and one Peter E. Dane claimed a leasehold interest in a portion of the premises sought to be condemned. Pending the proceedings Dane died, and his administrator, widow, and heirs were afterwards made parties, and are the other plaintiffs herein.   In due time the commissioners appointed pursuant to the petition filed their report, in which they assessed the damages to the owner or owners of the whole tract at $5,010.   The report then proceeds as follows: "And we further certify and report that of the above-mentioned sum we have awarded, and do hereby award, for the respective separate interests and estates in said piece of land

Spaulding and others vs. The Milwaukee, L. S. & W. R'y Co.

of the following-named parties the sums hereinafter stated, to wit: To the Green Bay & Mississippi Canal Company the sum of $3,750; to Seneca M. Dorr and William H. Steele the sum of $305; to the Champion Steel Horse-nail Company the sum of $305; and to *G. W. Spaulding* and Peter E. Dane the sum of $650." In due time the railway company appealed from the award to *Spaulding* and Dane, and from that alone. Such appeal was afterwards tried in the circuit court. The question chiefly litigated was whether the plaintiffs, *Spaulding* and Dane, had any interest in the lands condemned, and most of the evidence was directed to that issue. *Spaulding* and Dane claimed under a lease for ninety-nine years, theretofore executed by the Green Bay & Mississippi Canal Company to Dunn and Brewster, and by them assigned to the plaintiff *Spaulding.* The description of the land thereby leased is somewhat ambiguous. The plaintiffs claimed that the lease covered a portion of the condemned lands, the fee of which was in the canal company. The railway company claimed that it did not. The trial resulted in a verdict for the plaintiffs for a larger sum than was awarded by the commissioners. The jury found specially all the facts essential to establish a leasehold interest in the plaintiffs as claimed by them. The defendant appealed from the judgment.

*A. L. Cary*, for the appellant.

*Moses Hooper*, for the respondent.

The following opinion was filed December 12, 1882:

LYON, J. The defendant, the railway company, has no interest whatever in the award of the commissioners to *Spaulding* and Dane. It was content with the commissioners' appraisal of the value of the whole parcel of land condemned to its use, and did not appeal therefrom. All it had to do was to pay into court the amount of the appraisal, and the condemnation was complete. To whom the money was dis-

tributed by the commissioners or the court did not concern the railway company in the least. The statute (R. S., 541, sec. 1849) gives the right to appeal from an award by commissioners to any party thereto. But the railway company is not a party to any proceedings which may be had in respect to the distribution of the money which it has paid into court pursuant to an award of commissioners. In this case the only parties to an issue upon the right of *Spaulding* and Dane to share in the award are *Spaulding* and Dane and the canal company, which is entitled to the award if *Spaulding* and Dane are not. In a litigation to determine whether the lease under which the plaintiffs claim an interest in the condemned premises in fact includes any portion thereof, the canal company is an indispensable party. Yet this issue has been tried and determined on the appeal of the railway company, without the presence of the canal company as a party to the litigation. Of course, the judgment does not bind the canal company, and hence has not determined the controversy. The railway company seems to stand in the same position in respect to the money which presumably it has paid into court pursuant to the award of the commissioners, as that occupied by a mortgagee in respect to surplus money arising upon a sale of the mortgaged premises pursuant to a foreclosure judgment, after the mortgage debt is fully paid. Of course, no one will claim for a moment that the plaintiff in the foreclosure action can appeal from an order of the court distributing such surplus money, in which he has no interest. The claimants of the money are the sole parties to such proceeding, and they alone can appeal from the order of distribution.

It is entirely clear to our minds that the railway company had no right of appeal from the award of a portion of the value of the condemned land to *Spaulding* and Dane, and that the appeal of the company therefrom was ineffectual to give the circuit court jurisdiction to review the award of the

commissioners in that behalf. It must be held that the appeal and all proceedings therein, including the judgment, are null and void. Ordinarily this conclusion would work a reversal of the void judgment. A reversal would charge the plaintiffs with the costs in this court. This would be most unjust, for the railway company instituted and prosecuted these void proceedings and is responsible for them. It, and not the plaintiffs, ought to be charged with the costs. For these reasons, and to accomplish what is so manifestly just and right, we shall dismiss this appeal, and leave the circuit court to clear its records of the void judgment in its own way.

A motion for a rehearing having been granted, the following opinion was filed April 4, 1883:

Taylor, J. This case was argued in this court, and an opinion filed therein on the 12th day of December, 1882, in which it was held in substance that the appeal taken from the award of the commissioners in this case by the railroad company was irregularly taken, and that the circuit court erred in entertaining the same and trying the case, and directing the appeal to this court to be dismissed, with certain suggestions to the circuit court. Afterwards a motion for a rehearing was made by the appellant, and, upon such motion, the briefs of the respective attorneys were submitted to this court, and an order granting a rehearing was made. The cause was placed upon the calendar, and submitted by the respective attorneys upon printed briefs. In the briefs submitted upon the final argument neither of the learned counsel have discussed the point upon which this court disposed of the case upon the first hearing, and no argument was submitted upon that point in the brief of the respondent upon the motion for a rehearing, or in his brief upon the argument at the original hearing. In the brief submitted

by the learned counsel for the respondent upon the motion for a rehearing, he says he thinks this court erred in its decision in holding that the circuit court had no jurisdiction of the case upon the appeal, and agrees with the learned counsel for the appellants that the motion for a rehearing should be granted. Upon the motion for a rehearing the learned counsel for the appellants, in an able argument, attacked the correctness of the former decision of this court, and insisted that the appeal was properly taken by the appellants, and that the circuit court had clearly obtained jurisdiction of the appeal. We have since had the benefit of a very full discussion of the question passed upon by this court in its former opinion in this case, by the learned counsel in the case of Watson v. M. & M. Railway Co., heard at the last assignment, and the decision in which is filed with this. [See *post*, p. 332.] We may, therefore, proceed to the decision of this case, conscious that we have had a full discussion of the question involved.

After a careful endeavor to establish a practice under our statute for the condemnation of lands for railroad purposes by railroad companies which shall best accomplish the object of the statute, be in accordance with its provisions and with the practice of courts in other proceedings, and avoid a multiplicity of actions, we still adhere to the opinion expressed by Justice LYON in the former opinion, that the railroad company were not authorized by the statute to take an appeal from the award made to the respondents by the commissioners. Many of the reasons for this opinion will be found in the case of Watson v. M. & M. Railway Co., above referred to. It is true that in this case the rights of the different persons having an interest in the property taken by the company could not be ascertained as in that case by simple division, after the gross amount of damages had been ascertained and awarded for the taking of the property by the railroad company, but the reason for holding that the

company must appeal from the gross award of damages, if it appeal at all, is the same. The company comes into court asking in this case that the whole of a certain tract of land may be taken by it for its use. It finds several persons claiming separate interests and estates therein, but it proceeds to ask a condemnation. of the entire tract, and the commissioners award the damages to be paid for acquiring the title to the entire property. If the company is injured or prejudiced by the act of the commissioners, it is in fixing the gross damages at too high a figure, and not by the manner of its distribution among the persons having separate estates.

The partition of the sum by the commissioners among the owners of the separate estates does not prejudice the company. It is a matter of contention, if contention is to be had, between the owners of the separate estates. If they are satisfied with the partition, the company has no ground of complaint. We do not hold that the railroad company might not in this case, where the owners are not tenants in common, but are strictly owners of separate estates, have proceeded to have the damages of each owner of a separate estate in said parcel of land ascertained and awarded separately, and so have secured to itself the right to contest the award to each owner of such estate upon an appeal to the circuit court, though we think such a proceeding would be contrary to the spirit of the statute; but in this case it did not so proceed. The printed case shows that the company proceeded against the tract as one parcel of land, and the commissioners in their report say, among other things: "And we fixed the amount of compensation to be made to the owner or owners of the said piece of land by the said *Milwaukee, Lake Shore & Western Railway Company* for said piece of land, and by reason of its taking the same, at the sum of $5,010, said amount of compensation being the value of the land with the improvements thereon so taken, and also the

damages sustained by the owner or owners thereof by reason of the said taking thereof." Subsequently, in their report, they distribute this gross sum among the several claimants. The gross award is what concerns the railroad company. If that be just, it is of no importance, so far as its interests are concerned, that the commissioners dealt unfairly with some of the owners of the separate estates. The equity powers of the circuit court would undoubtedly be found sufficient to adjust the rights of the separate owners, without the aid or presence of the company.

If the statute is to be construed as contended for, then the railroad company could appeal from the gross award, making all interested parties, and from each separate award making each separate owner a separate party, and so have five new trials in the case. We do not think the statute contemplates such a proceeding; and it certainly ought not to be tolerated unless it be plainly required. Holding that the statute does not give the company a right to appeal in a case of this kind, except from the gross award, the circuit court did not get jurisdiction, and the consent of the parties could not confer it. This court has frequently held that when the statute gives a court jurisdiction to try an action upon appeal, the court does not obtain jurisdiction of the subject matter of the action unless the appeal be taken in a proper case and in the manner prescribed by law. *Verbeck v. Verbeck*, 6 Wis., 159; *Miles v. Chamberlain*, 17 Wis., 446; *Steen v. Norton*, 45 Wis., 412; and the case of *Baker v. State*, 56 Wis., 568, in which all the cases on this point are cited.

We entertain serious doubts as to the propriety of dismissing the appeal, as was ordered in the former opinion. We think this court has jurisdiction of the appeal from the judgment rendered by the circuit court, and although we hold that the circuit court had no jurisdiction to try the case or render a judgment upon the appeal of the company, this court has the power to reverse such void judgment. *Sayles*

*v. Davis*, 20 Wis., 302; *Van Slyke v. Fire Ins. Co.*, 39 Wis., 390–397; *Hays v. Lewis*, 21 Wis., 663.

We therefore reverse the judgment of the circuit court, and remand the case with directions to the circuit court to dismiss the appeal.

*By the Court.*— Ordered accordingly.