PLANO MANUFACTURING COMPANY, Appellant, vs. RASEY, Respondent.

*September 1 — September 20, 1887.*

*Appeal, dismissal on settlement: Jurisdiction of appeals: Municipal court: Waiver.*

1. In order to justify the supreme court in dismissing an appeal on the ground that the litigation is settled by payment of the judgment, the evidence must be clear and conclusive that the payment was voluntary and with a view to such settlement.
2. The act creating the municipal court of Rock county (ch. 197, Laws of 1881) confers upon it exclusive jurisdiction of appeals from justices of the peace in that county, and if such an appeal be taken directly to the circuit court, that court will acquire no jurisdiction of the subject-matter, though it might have had original jurisdiction of it if the suit had been brought in that court.
3. The objection that the court in which an appeal is pending has no jurisdiction of such appeals is not waived by a trial thereof in that court by consent.

APPEAL from the Circuit Court for *Rock* County.

The case is stated in the opinion.

For the appellant there was a brief by *Dunwiddie & Goldin,* and oral argument by *B. F. Dunwiddie.* To the point that the appeal to the circuit court was of no avail

Plano Mfg. Co. vs. Rasey.

and conferred no jurisdiction, because the jurisdiction of the municipal court was exclusive, they cited *Taylor v. De Camp*, 68 Wis. 162. To the point that jurisdiction of the subject-matter was not conferred by consent they cited *Bullard v. Kuhl*, 54 Wis. 544; *Mathie v. McIntosh*, 40 id. 120; *Damp v. Dane*, 29 id. 420.

For the respondent there was a brief by *B. M. Malone*, attorney, and *A. A. Jackson*, of counsel, and oral argument by *Mr. Jackson*. They argued that the subject-matter of this suit was within the jurisdiction of the circuit court, and jurisdiction of the parties was conferred by appearance or consent. *Heeron v. Beckwith*, 1 Wis. 17; *Stonach v. Glessner*, 4 id. 275; *Tallman v. McCarty*, 11 id. 401; *Upp. Miss. Trans. Co. v. Whittaker*, 16 id. 220; *Jones v. Collins*, id. 594; *Blackwood v. Jones*, 27 id. 498; *Grantier v. Rosecrance*, id. 488; *Pryce v. Security Ins. Co.* 29 id. 270; *Montgomery v. Town of Scott*, 32 id. 249; *Coffee v. Chippewa Falls*, 36 id. 121; *Coad v. Coad*, 41 id. 23. In support of the motion to dismiss the appeal, they contended that the voluntary payment of the judgment for costs by the appellant and its acceptance of the return of the reaper was a full and complete settlement, was so intended, and was inconsistent with any other theory. It so operated in fact. *Thornton v. Madison W. Mills*, 44 Wis. 265; *Shank v. Shoemaker*, 18 N. Y. 489; *Smith v. Hart*, 11 How. Pr. 203; *Sloane v. Anderson*, 57 Wis. 123; *Townsend v. Masterson*, 15 N. Y. 587; *People v. Stephens*, 52 id. 306; *Cock v. Palmer*, 19 Abb. Pr. 372. The appellant having availed himself of the benefit of the judgment, cannot appeal from it. *Bennett v. Van Syckel*, 18 N. Y. 481; *Murphy v. Spaulding*, 46 id. 556; *Pulling v. Supervisors*, 3 Wis. 337; *Cogswell v. Colley*, 22 id. 399; *Knapp v. Brown*, 45 N. Y. 207; *Radway v. Graham*, 4 Abb. Pr. 468; *M. & M. R. Co. v. Boyington*, 14 Iowa, 572; *Borgalthous v. F. & M. Ins. Co.* 36 id. 250; *Ind. Dist. of Altoona v. District of Delaware*, 44 id. 201; *Hamilton Co.*

*v. Bailey*, 12 Neb. 57; *Gray v. Smith*, 17 id. 682; *Atkinson v. Tabor*, 7 Colo. 195; *Garner v. Garner*, 38 Ind. 139; *Vail v. Remsen*, 7 Paige, 206; *Gifford v. Benefit Soc.* 10 N. Y. 139; *Holt v. Rees*, 46 Ill. 181; *Morris v. Rexford*, 18 N. Y. 552. The payment extinguished the judgment, whether so intended or not. *Booth v. F. & M. Nat. Bank*, 74 N. Y. 228; *Sherman v. Boyce*, 15 Johns. 443; *Myers v. Cochran*, 29 Ind. 256; *Shields v. Moore*, 84 id. 440; *Klippel v. Shields*, 90 id. 81; Freeman on Judgments, sec. 466.

Cole, C. J. A motion was made by the respondent to dismiss this appeal, on the ground that the affidavits show a voluntary payment of the judgment, and a complete settlement of the action. If the affidavits did clearly and satisfactorily sustain this position, the motion should prevail; but, in our opinion, they do not. The respondent states in his affidavit that the judgment was paid by the attorneys of the appellant, for the purpose and with the understanding between the parties of making a full and complete settlement and adjustment of the litigation. His attorney, Mr. Malone, swears substantially to the same facts. But, on the other hand, Mr. Dunwiddie, who acted as the attorney for the appellant in the matter, states that the judgment was paid to prevent the issuing of an execution, and to protect the surety from trouble and annoyance, who had been pressed to pay the judgment. He denies in a most unqualified manner that the judgment was paid for the purpose of settling the litigation, or that there was any understanding to that effect. The statements made in the affidavits on the one side and the other as to a settlement so flatly and distinctly contradict each other that it is impossible to say that any settlement of the litigation is satisfactorily established. Of course, there should be clear proof of the fact to justify the court in dismissing the appeal on that ground. There is no doubt about the principle

of law invoked, that a judgment voluntarily paid, with the intention of settling a suit, will work its discontinuance. But the difficulty here is, the evidence fails to bring the case within the rule of law relied on. It is true, the affidavits show that the appellant took back the reaper,— the price of which was the subject-of the litigation. It is claimed that this fact is conclusive evidence of an intention to settle the controversy. But the affidavits on the part of the appellant fully explain how its agent happened to take back the reaper; they show that he took it back under a mistake or misapprehension as to the litigation being settled, and that this mistake was caused by information which he received from the attorney of the respondent who first appeared in the action. It appears, furthermore, that this act of the agent in receiving the reaper was without the knowledge or consent of the appellant, and, under the circumstances, we think no conclusive effect can be given to it. Our conclusion is, upon all the matters stated in the affidavits, that no settlement is established; consequently the motion to dismiss for that reason must be denied.

This action was commenced before a justice of the peace of Rock county, where, after trial, a judgment was rendered in favor of the appellant. From this judgment the respondent took an appeal to the circuit court, in which court he recovered the judgment from which this appeal is taken. It is now claimed that the circuit court never acquired jurisdiction of the cause, and had no power to render the judgment it did; that the municipal court of Rock county has exclusive jurisdiction of all appeals from justices' courts of that county, and that the appeal of the respondent in the first instance should have been to that court. That point was so ruled in *Taylor v. De Camp*, 68 Wis. 162. The learned counsel for the respondent seeks to avoid the consequences of this decision by insisting that, under the circumstances, the objection to the jurisdiction of the circuit court must be

deemed waived and no longer available. He says, quite truly, that the circuit court would have had jurisdiction of the action if it had been commenced in that court; might have tried it and rendered judgment therein; and, upon the record, he says, we should presume that the parties voluntarily appeared in that court, submitted themselves to its jurisdiction, and are bound by its judgment.

It certainly would be a most unwarranted presumption to sustain that view, contrary to everything appearing in the record. For we find in the record papers sent to the circuit court by the justice, among which are the notice of appeal, affidavit, and undertaking, given by the respondent on his taking his appeal to the circuit court; all of which we are asked to ignore or treat as of no effect whatever. This is surely a summary and novel way of disposing of the record of a court,— to utterly disregard it or shut our eyes to its existence. We do not feel at liberty to do that in any case. We must therefore assume, and hold, according to the real fact, that this case was attempted to be taken by appeal from the justice to the circuit court. It is elementary law that the circuit court acquires jurisdiction of appeals from justices' courts under the statute. And probably a hundred cases could be found where this court has decided that the circuit court only acquires jurisdiction of an appeal where the requirements of the statute, regulating appeals, are complied with. So a defective affidavit, or notice of appeal, or a claim before the justice, exceeding his jurisdiction, have been held fatal to the jurisdiction of the circuit court. We shall not attempt to cite the cases upon this question of practice.

What, then, results from the fact that the respondent took his appeal from the justice to the circuit court, which under the statute had no jurisdiction of the cause? It is too plain for argument that the judgment cannot stand, and must be reversed. It may come with bad grace for the appellant to

object to the jurisdiction of the circuit court, after having gone into that court and tried the cause upon the merits. But still, it has the right to take advantage of the objection, because it is in its nature a question of jurisdiction of the subject-matter, which consent cannot supply. For while consent gives jurisdiction of the person, it never confers jurisdiction of the subject-matter.

In *Dykeman v. Budd*, 3 Wis. 640, the parties attempted by consent to give the circuit court jurisdiction of a cause on appeal where, under the statute, such court could only acquire jurisdiction by an order of the county court, changing the venue. The court in the opinion says: "If jurisdiction could be acquired of appeals by the circuit court by stipulation of parties, consent would open a clear and direct path from the justice to the circuit court, without the intervention of the county court at all." See the note to this case. Also *Clark v. Bowers*, 2 Wis. 123; *Verbeck v. Verbeck*, 6 Wis. 159; *Miles v. Chamberlain*, 17 Wis. 447; *Felt v. Felt*, 19 Wis. 193; *Ohse v. Bruss*, 45 Wis. 442; *Palmer v. Peterson*, 46 Wis. 402. We deem it unnecessary to refer to cases where it has been held that an appearance or consent gives jurisdiction of the person; those cases are distinguishable from the one before us. The real proposition here is, did the circuit court acquire jurisdiction of the subject-matter on the appeal? We think it did not, though that court would have jurisdiction of a claim of $160, the price of the reaper, if the action had been commenced in that court.

It follows, therefore, from these views, that the judgment of the circuit court must be reversed.

*By the Court.*— Judgment reversed.