## The State vs. Gillen.

*June 1 — June 23, 1880.*

JUSTICE'S COURT: JURISDICTION. *Penalty for obstructing highway: who must complain.*

1. Under ch. 192 of 1877, a· justice of the peace had no jurisdiction to issue a summons against the defendant in an action to recover a penalty for obstructing a highway, except upon a complaint filed with him by an officer there mentioned; and after the defendant had answered and had the case certified to the circuit court (on the ground that title to land would come in question), he was entitled to have the action dismissed in that court, if it did not appear that the complaint had been made by such officer.
2. Whether the law in this respect is changed by sec. 3298, R. S., not considered.

APPEAL from the Circuit Court for *St. Croix* County.

The cause was submitted on the brief of *S. H. Clough* for the defendant, who was also appellant, and that of *Glover & Vannatta* for the respondent.

COLE, J.   This action was commenced in June, 1877, before a justice of the peace, to recover the penalty prescribed by statute for obstructing a highway.   The complaint upon which the summons was issued, was not signed or sworn to by any person; and none of the papers in the case before the justice, and none of the entries in his docket, show by whom, or on whose complaint, the proceeding was instituted.   The defendant appeared on the return day of the summons, answered that the *locus in quo* was not a highway, but was her own freehold, and tendered the necessary bond to have the case certified to the circuit court.   After trial was had in the circuit court of the issues involved, and a verdict of guilty was rendered, a motion for a new trial was made on the part of the defendant, which was denied.   The defendant then moved to dismiss the action, for the reason that the summons therein had been issued by the justice without any complaint having been made by an officer mentioned in chapter 192, Laws of 1877.   This motion was denied, and a judgment was rendered that the defendant pay a fine of one dollar, and costs, to be taxed.   It is now insisted that the circuit court erred in refusing to dismiss the action, because it did not appear that the complaint was filed by a person authorized by chapter 192, above referred to, to make it.   It is said that the justice was expressly prohibited from issuing any summons in the action except upon a complaint first made and filed with him by a person authorized to make the complaint under that statute.   We think this objection is well taken and must prevail.

Chapter 192, in substance, provides that no summons or other process shall thereafter be issued by any justice of the peace in an action to recover a penalty or fine, *unless a complaint shall be made and filed* with such justice *prior* to the issuing of the process, by the district attorney, or a member of the town board of supervisors residing in the county where such penalty was incurred, except where the right of making such complaint is expressly conferred by statute on

The State vs. Gillen.

other persons; and that no appeal shall be taken on behalf of the state, in such actions, either to the county, circuit or supreme court, from a judgment rendered against the state, except upon the authority of the district attorney, and upon giving such bond as is required of private parties in similar appeals. The object of the statute is manifest. It is to prohibit a justice from taking jurisdiction of this class of actions except where a complaint on behalf of the state is made by a duly authorized officer. Irresponsible parties sometimes instituted these prosecutions in the name of the state to subserve personal interest or gratify personal feeling. The legislature intended to prevent this by enacting the above statute; therefore the legislature required by this law that a complaint should be made and filed with the justice by an officer designated, before the justice should issue any process.

The statute evidently contemplated that a complaint should be made by such officer as in criminal cases before the justice had power to issue the summons. Consequently it was essential it should affirmatively appear that the complaint was made by one of the officers designated in the law, just as in an information for a criminal offense it should appear that it was presented by the proper officer. In no other way can the object and purpose of this statute be accomplished. It is possible that the law in this regard is changed by section 3298 of the Revised Statutes, and that an action for a penalty may now be instituted by the oral direction of the officer. However that may be, it is impossible, as it seems to us, to mistake the intent of chapter 192. It should affirmatively appear that a complaint was made and filed by an officer with the justice, before the summons could issue. This was a matter which went to the very jurisdiction of the justice over the proceeding, and could neither be waived nor cured by the appearance of the defendant. The statute was enacted to carry out a public policy, and in order to prevent this class of actions from being instituted except by a duly authorized officer. This being the

case, the objection that the complaint was not made by either of the officers to whom the duty of making it was committed, is an insuperable one and must prevail.

It is insisted, in answer to this view, that as the record is silent upon the subject we must presume that the complaint was made and filed by a person authorized to institute the suit. We can make no such presumption under the statute. It must appear affirmatively that this was the case, in order to give the justice jurisdiction in the action. This, as we have said, is the plain intent of this statute.

It follows that the judgment of the circuit court must be reversed, and the cause be remanded, with directions to dismiss the complaint.

*By the Court.*— So ordered.