The State vs. Childs.

THE STATE, Respondent, vs. CHILDS, Appellant.

*January 16 — February 26, 1901.*

(1, 2) *Collection of forfeitures: Justices' courts: Jurisdiction: Complaint.*
   (3) *Highways on town lines: Apportionment: Control.*

1. Under sec. 3298, Stats. 1898, a formal complaint is not necessary to give a justice of the peace jurisdiction to issue his summons in an action to collect a forfeiture, but it is sufficient if one of the officers there named, in writing, calls the attention of the justice to the fact that a person within his jurisdiction is liable to a certain penalty and directs the collection thereof by an action before such justice.

2. Under sec. 3295, Stats. 1898 (providing that in actions by the state to recover forfeitures "it shall be sufficient to allege in the complaint, that the defendant is indebted to the plaintiff in the amount of the forfeiture claimed, according to the provisions of the statute which imposes it, specifying the section," etc.), a complaint alleging a liability under a section which imposes a penalty for the doing of either of two acts is sufficient, although the specific act relied on is not stated. If the defendant cannot say from the complaint alone what he is required to meet, he should request the court to require the plaintiff to elect upon which branch of the statute it will rely.

3. A town to which a specific part of a town-line highway has been apportioned to make and maintain, pursuant to sec. 1273, Stats.

The State vs. Childs.

1898 (providing that a "town shall have all the rights and be subject to all the liabilities in relation to the part of the highway to be made or repaired" by it as if it were wholly located therein), has exclusive jurisdiction throughout the entire width thereof for that purpose, no exception being made as to territory in the adjoining town which is common to such highway and an ancient highway which crosses it.

APPEAL from a judgment of the county court of Winnebago county: C. D. CLEVELAND, Judge. *Reversed.*

Action to recover the statutory penalty for wrongfully filling a ditch constructed for draining water from a highway. The complaint was made by the district attorney of the proper county. It stated that defendant was liable to the state of *Wisconsin* in the sum of $25 according to the provisions of sec. 1326, R. S. 1878. Indorsed thereon was a direction signed by the district attorney for the prosecution of an action to recover the penalty. Such complaint, so indorsed, was filed with a justice of the peace, whereupon a civil action was commenced before such justice, against the defendant, in which such proceedings were thereafter duly had that a judgment was rendered against said defendant for $25 and costs. The case was appealed to the county court, where the answer was amended alleging that the place where the alleged wrong was done was in a duly established town-line highway on the town line between the town of Menasha and the town of Harrison, the former being in Winnebago and the latter in Calumet county in this state, and in that part thereof apportioned to the town of Harrison to make and keep in repair; that the act complained of was done by the direction of the supervisors of the town of Harrison, exercising their authority to maintain and keep such highway in repair; that it was the judgment of said supervisors that the proper condition of such highway required the filling up of the ditch, and that it was filled up accordingly.

When the case came on for trial there was a motion to dismiss, because jurisdiction was not obtained by the lower court for want of proper proceedings before the issuance of the summons, and because the complaint filed was not sufficiently definite and certain to show the particular act claimed to have occurred rendering the defendant liable under the statute. The motion was denied, and defendant excepted. A motion was then made that the plaintiff make the complaint more definite and certain, which was denied. There was then an objection to the reception of any evidence under the complaint, upon the ground that two distinct offenses were mentioned in sec. 1326, R. S. 1878, and that the complaint failed to state the particular offense relied upon. The objection was sustained, and plaintiff was permitted to amend the complaint by alleging that defendant filled up a ditch constructed for draining water from a highway, in the town of Menasha, in the county of Winnebago, at a point near the town of Harrison in Calumet county, and said town of Menasha.

The case was tried by the court and resulted in findings of fact substantially as follows: October 24, 1863, and continuously for a long time prior thereto and subsequently till after the occurrence complained of, a public highway existed, crossing nearly at right angles the town line between the town of Menasha and the town of Harrison. Prior to the date specifically named, that portion of said highway in the town of Menasha was maintained by said town up to the town line between the two towns named. On said day such proceedings were duly had that a town-line road was established on said town line, crossing the highway first mentioned, that part thereof including the point of the crossing of the two roads being apportioned to the town of Harrison to make and keep in repair. On November 4, 1897, the overseer of highways for that part of the town of Menasha including the place where the two roads cross each

other as aforesaid, assuming that said town had exclusive jurisdiction at said point up to the town line for the purpose of maintaining the town road, for such purpose constructed a culvert across such road parallel with and at the proper distance from the center line of the traveled track of and within the limits of the town-line road. Thereafter the supervisors of the town of Harrison, assuming that said town was responsible for the condition of the town-line highway at the crossing of the two ways, and that the maintenance of the culvert rendered said highway less safe and convenient than it otherwise would be, restored the former situation by removing the planks from the culvert and filling up the ditch. The defendant was active in doing the work by the authority of the supervisors of said town of Harrison.

On such facts the trial court held that the jurisdiction of the town of Menasha, as regards the town road, included the entire territory of such town within the limits of the two ways, each four rods wide at the crossing, and was paramount to that of the town of Harrison, and that the act of defendant in filling up the ditch, though he was acting under the direction of the supervisors of said town of Harrison, was unlawful and rendered him liable to the penalty of $25, under sec. 1326, R. S. 1878. Judgment was rendered accordingly, from which this appeal was taken.

For the appellant there was a brief by *Silas Bullard*, attorney, and *J. E. McMullen*, of counsel, and oral argument by *Mr. Bullard*.

*J. C. Kerwin*, for the respondent.

MARSHALL, J. The motion to dismiss the action upon the ground that the justice did not obtain jurisdiction was properly denied. The motion was based on the idea that the filing with the justice of a formal and sufficient complaint, made by the district attorney of the county or some other

officer authorized to direct the commencement of the action, showing liability of the defendant under the statute, was a condition precedent to jurisdiction to issue the summons. Reliance, in the main, was placed on *State v. Gillen*, 49 Wis. 683. Such case arose while ch. 192, Laws of 1877, was in force. That provided as follows:

"No summons, warrant or other process shall hereafter be issued by any justice of the peace or other officer, in any action to recover a penalty, forfeiture or fine, under the provisions of chapter 155 of the Revised Statutes, unless a complaint shall be made and filed by the district attorney, or the mayor or alderman of an incorporated city or village, or a member of the town board of supervisors residing in the county where such penalty is incurred, with such justice of the peace or other officer, prior to the issuing of such process."

There was no mistaking the meaning of that language, so the court said that the justice failed to obtain jurisdiction, no complaint having been filed as the statute required. Since such case arose the law has been materially changed. Such change dates from the revision of 1878. The condition precedent to the commencement of an action of this character now is as follows:

"No such action . . . shall be brought before any justice of the peace except by direction of the attorney general, district attorney of the county, mayor or alderman of a city, president or trustee of a village, or supervisor of a town, in which the forfeiture is incurred, or other officer specially directed by statute." Sec. 3298, Stats. 1898.

It will be noted that a mere direction by the district attorney for the bringing of the action is all that is required to give a justice of the peace full jurisdiction to issue his summons. No formal complaint is necessary. The statute does not even say that the direction must be in writing, though doubtless good practice requires that it should be. But certainly, if the district attorney, in writing, calls the attention of a justice of the peace to the fact that a person within his jurisdiction is liable to a penalty under sec. 1326,

Stats. 1898, and directs the collection of the same by an action before such justice, the statute is fully complied with. All that was done in this case.

If it were true that a formal complaint, sufficient in every respect and made by one of the officers specified in the statute, is now required to be filed with the justice in order to clothe him with jurisdiction to issue his summons in a case like this, the complaint filed seems to be strictly in accord with sec. 3295, Stats. 1898, which says that "In such actions it shall be sufficient to allege in the complaint, that the defendant is indebted to the plaintiff in the amount of the forfeiture claimed, according to the provisions of the statute which imposes it, specifying the section and chapter containing such statute." True, the complaint referred to a section of the statute which renders a person liable for a penalty of $25 for doing either of two acts; and a person charged generally under it cannot say from the complaint alone what he is required to meet. Any difficulty in that regard can easily be avoided by a request to the court that the plaintiff elect upon which branch of the statute it will rely. No such request was made in this case, though defendant had all the relief that could have been obtained thereby. After improperly sustaining an objection to the complaint upon the ground that it failed to state a cause of action against the defendant, merely because it was indefinite in that it failed to point out the particular provision of sec. 1326 relied upon, the complaint, by permission, was amended, so as to cover the alleged defect. The complaint should have been treated as sufficient in form, because it followed the statute. Then, if the court concluded that justice required plaintiff's attorney to elect upon which branch of the statute he would proceed, it should have so ordered.

On the merits of the case there is this one question that must be decided: Has a town, to which a part of a town-

line highway has been apportioned to make and maintain pursuant to sec. 1273, Stats. 1898, jurisdiction throughout the entire width thereof for that purpose, to the end that its proper officers may lawfully do those things reasonably necessary, in their judgment, to such construction and maintenance, no exception being made as to territory in the adjoining town which is common to such highway and an ancient highway which it crosses? As indicated in the statement of facts, the trial court answered that in the negative. If that determination be wrong the judgment is erroneous and must be reversed. Very little light can be obtained from decided cases, in deciding such question. It must be tested by the statute (sec. 1273, Stats. 1898) from which whatever power one party to a town-line road possesses within the territory of the other party is derived. It read as follows:

" The said supervisors, upon laying out, altering or widening such highway, shall determine, in their order, what part of such highway shall be made and kept in repair by each town, and what share of the damages, if any, shall be paid by each; and each such town shall have all the rights and be subject to all the liabilities in relation to the part of such highway to be made or repaired by such town as if it were wholly located in such town."

That language, looking only to its literal sense, is too plain to call for or admit of judicial construction. Applying the language in such literal sense to the subject of the law, no absurd consequences are perceived, nor do we find any conflict between it and any other statute. The purpose of the law appears to be that there shall be no divided responsibility as to any part of a town-line highway. That is in accordance with legislative policy generally as regards highways, and with the policy of courts where judicial construction is required to determine questions of conflicting jurisdictions as to such ways. Elliott, Roads & S. (2d ed.), § 453; *Chicago, M. & St. P. R. Co. v. Milwaukee,* 97 Wis.

418, 432–434. The view of respondent's counsel could not prevail without reading into a plain statute a meaning that cannot be reasonably attributed to its language. Courts are not permitted to do that.

The act for which defendant was found guilty would have been lawful if the *locus in quo* were within the territorial limits of the town of Harrison. By the plain mandate of the statute, such place, for the purpose of the performance of the duty of maintaining the town-line road, was a part of said town. Therefore, defendant was not guilty of any wrong. It seems that there is no escaping that conclusion. It is considered that the legislative intent, in requiring the apportionment of town highways between the towns affected, giving to each a specific portion to make and maintain, with the same jurisdiction over it as if it were located wholly within the town upon which the duty is imposed, was to avoid divided responsibility, and that such intent extends as far as necessary to fully accomplish its purpose, viz., to make the town having charge of a part of a town-line highway responsible for the proper condition of that part of such highway common to both ways, and to give it exclusive jurisdiction for that purpose.

*By the Court.*— The judgment of the county court is reversed, and the cause remanded with directions to render judgment for defendant against the state for costs, said judgment to be paid by Winnebago county. Stats. 1898, sec. 3313.